Louis L. Friedman, J.
Petitioner makes application for arbitration in a rather unusual and unique situation. The theory advanced by petitioner is a novel one and has apparently never been passed upon by our courts.
On April 10, 1957, petitioner, while operating an automobile, was involved in an accident with another motor vehicle owned and operated by Dolly Bernstein and Aaron Bernstein. The Bernsteins at that time were insured under a policy of liability insurance by Security-Conn Insurance Company. Following the accident, and the receipt of the claim of this petitioner, the said Security-Conn Insurance Company refused to consider petitioner’s claim or to acknowledge that said insurance company was liable under its said liability policy, upon the claimed ground that the Bernsteins had failed to co-operate with the said insurance company, as was required under the terms of the policy of insurance. Contending that as a result of the said refusal of the insurance company to acknowledge liability for this claim, the ultimate effect was that the Bern-steins were no longer insured, the petitioner has made this application under the provisions of a clause in the policy issued by his own insurance company, Travelers Indemnity Company, wherein and by which said Travelers agreed to pay petitioner for any damages for injuries caused by an uninsured automobile. The question which this court must therefore decide is whether the language of the so-called ‘ ‘ uninsured automobile endorsement ’ ’ is sufficiently broad to extend coverage to the petitioner herein under the particular circumstances set forth in the papers before the court.
The pertinent language of said clause, wherein the words “uninsured automobile ” are defined, indicates that it refers to “an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of the accident ”. (Emphasis supplied.) It thus appears that, giving to the insured to whom this indorsement was issued, the benefit of any ambiguity which could possibly be contained in such language, the clause merely granted to said insured the benefit of insurance if he was injured in an accident with an automobile which at the time of *293 the accident did not have liability insurance. The situation does not cover the contingency such as is here being presented, where there was insurance in existence on the day of the accident but where the insurance company, for reasons satisfactory to itself, thereafter contended that it was not liable upon its contract because of a breach thereof by its own insured. Such disclaimer of liability was a defense which that insurance company would of necessity have to interpose if an action were brought against it under the terms of its policy. The mere fact that they refused to acknowledge any indebtedness under the policy because of acts which occurred subsequent to the day of the accident, does not bring this case within the definition of the uninsured clause, which permits this petitioner to claim against his own insurance company where there was a lack of insurance at the time of the accident.
In this case, there was insurance at the time of the accident and such insurance is still in existence. The Security-Conn Insurance Company does have a right, however, to set up an affirmative defense against any claim brought against it, of failure to co-operate, and it is only if said insurance company does have a claim presented to it and succeeds in establishing its affirmative defense, that then for the first time it máy be said that the aforesaid insurance company is not liable to pay for any injuries sustained in said accident. To otherwise interpret the uninsured automobile provision of the policy issued by the respondent herein to this petitioner would give ■ to said clause a strained, unnatural, unintelligible and unintended construction, and where the language is as clear as it here appears to be, no interpretation may be given other than as herein stated.
Under all of the circumstances, the petition may not be entertained and the application is denied. The cross application to stay arbitration is granted.
Settle order on notice.