Aroet Stetjer, J.
The petition is to stay a proposed arbitration initiated by respondent. Petitioner is a liability insurance company and has issued a policy to respondent. The policy contains a clause insuring respondent from damage by uninsured automobiles. The material parts of the policy read :“To pay all sums which the insured shall be legally entitled to recover from the owner or operator of an uninsured automobile * * * provided that for the purposes of this endorsement, determination as to whether the insured shall be legally entitled to recover such damages, and if so entitled the amount thereof, shall be made by agreement between the insured and the company, or in the event of disagreement, by arbitration.”
Under the heading “ Definitions ” is found “ (c) Uninsured Automobile. The words ‘ uninsured automobile ’ means an automobile with respect to the ownership * * * of which there is no bodily injury liability insurance applicable at the time of the accident, or an automobile used without the permission of the owner thereof ”.
Respondent met with an accident in a collision between her automobile and one owned by one William Hardy. Admittedly there was insurance in effect on the Hardy automobile but Hardy and his insurance carrier have disclaimed liability on the ground that at the time of the accident Hardy’s car was being driven by one Scott without Hardy’s permission. No suit against Hardy or his carrier has been started by respondent and the above merely represents their claim.
Respondent has demanded arbitration under her policy. Her insurance company resists on the ground that the only matters for which arbitration is provided under the policy are whether she would be entitled to recover against the third party and, if so, the amount of her damage. Before proceeding to arbitration, it claims, the insured must first establish that the other automobile was uninsured within the definition of the policy. Respondent contends that where this latter fact is in dispute it is also a subject of arbitration.
For the respondent to be successful on this application she must bring herself within the terms of the policy. For instance it is not sufficient to show that the insurer of the other automobile has disclaimed liability for acts of its insured subsequent to the accident. (Matter of Berman [Travelers Ind. Co.], 11 Misc 2d 291.) That is because an automobile in that situation is not an “ uninsured automobile” within the definition of the policy and no arbitrator could so find.
*694 The question of whether the car in question is an uninsured automobile is not left to arbitration by the policy. Bespondent makes no argument based on the language of the policy but relies wholly on the difficulty she will be put to by having first to establish the unauthorized use of the car. It must be obvious that where there is no proof either way as to whether the automobile is insured, there is no right to arbitration. And it has been so held. (Matter of Ross v. Hardware Mut. Cas. Co., 13 Misc 2d 739.) The mere fact that the other car’s carrier has asserted a defense by no means establishes that the facts on which the defense are asserted are true. And there is nothing in the contract of insurance which leaves the validity of that defense to arbitrators.
The motion is granted.