Michael Catalano, J.
Ocean Accident and Guarantee Corporation, Ltd., a respondent (herein called “ Ocean”), moves for “ an order permanently staying the arbitration proceedings herein.”
The moving affidavit stated that Ocean issued to Mary Lowe, as named insured (herein called “ Mary ”), a certain automobile liability insurance policy covering the operation of a 1956 Mercury automobile, which policy was effective on October 27, 1957 and contained an “Uninsured Motorist Endorsement; ” on October 27, 1957 the automobile, operated by James Lowe (herein called “ James ”) and Mary as a passenger, collided with a Pontiac owned by Douglas P. Arnold (herein called “Arnold”) and operated by Mary Crum (herein called “ Crum ”); Mary and James, injured in the collision, now seek to arbitrate with Ocean the issues of the accident, claiming Crum is an uninsured driver within the meaning of the policy; the Travelers Insurance Company (herein called “Travelers ”) issued a policy of automobile insurance to Crum, as a named insured, prior to October 27, 1957, and filed with the Commissioner of Motor Vehicles of New York State and PS-1 certificate on December 19, 1956; the Travelers policy remained effective until its termination on December 28,1957 by an PS-4 certificate filed with the Commissioner of Motor Vehicles on January 8, 1958 by Travelers; the Hartford Accident & Indemnity Company (herein called “ Hartford ”) issued a policy of automobile liability insurance to Arnold covering the operation of his /'ontiac in effect ,)f- the time of the accident; Hartford filed an PS-1 certificate with the Commissioner of Motor Vehicles, but no PS-4 certificate terminating insurance coverage was filed by Hartford; the Pontiac owned by Arnold was insured by Hartford and its driver Crum was insured by Travelers at the time of the accident; Ocean agreed to submit to arbitration only the question of “whether the insured shall be legally entitled to recover such damages, and if so entitled the amount thereof ”, Ocean did not agree to arbitrate the question whether the other motor vehicle or operator involved in the accident was in fact *1044 insured; Ocean has not selected an arbitrator or participated in the proceedings before the arbitrators, has not made or been served with an application to compel arbitration under section 1450 of the Civil Practice Act; wherefore, Ocean seeks an order permanently staying this arbitration proceeding.
The answering affidavit for Mary and James Lowe states that the automobile that injured them was owned by Arnold and operated by Crum; Arnold stated in his Motor Vehicle Bureau Report that his automobile was being operated without his permission “ * • * * and this contention has never been contradicted by any person and seems substantiated by the facts which indicate that Mary Crum was driving in an intoxicated condition and struck the plaintiff’s car while it was standing still on its own side of the street;” the Travelers policy does not apply to stolen vehicles but only to the use thereof with the owner’s consent; Travelers denies any coverage to Crum; the Travelers policy covers, with respect to a nonowned vehicle, the named insured, or any relative, ‘1 ‘ provided the actual use thereof is with permission of the owner ’ ”; wherefore Mary and James Lowe request an order compelling Ocean to submit to arbitration on the question of “ * * * liability and damages.”
The insurance policy issued by Ocean to Mary provides, inter alia, in an indorsement entitled, “ Endorsement providing benefits on account of bodily injury or death caused by uninsured automobiles ’ ’:
‘ ‘ The company agrees with the named insured:
1 ‘ 1. Damages for Injuries or Death Caused by Uninsured Automobile
“ To pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * *; provided, that for the purposes of this endorsement, determination as to whether the insured shall be legally entitled to recover such damages, and if so entitled the amount thereof, shall be made by agreement between the insured and the company or, in the event of disagreement, by arbitration.
“ 2. Definitions
“ (c) Uninsured Automobile. The words ‘ uninsured automobile ’ means an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of the accident, or an automobile used without permission of the owner thereof if there is no bodily injury liability insurance applicable at the time of the hccident with respect to the operator thereof ”.
*1045 Under the caption ‘ ‘ Conditions ’ ’ of this indorsement is the following:
‘ ‘ 5. Arbitration.
‘ ‘ In the event the insured and the company do not agree that the insured is entitled to recover damages from the owner or operator of an uninsured automobile on account of bodily injury to, or sickness, disease or death of the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which the insured and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator (s) may be entered in any court having jurisdiction thereof. The insured and the company each agree to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this endorsement.”
The Travelers Indemnity Company issued an automobile insurance policy to Crum providing under Part I, Liability, Persons Insured: “The following are insured under Part J . # # #
“ (b) With respect to a non-owned automobile,
“ (1) the named insured, * * * provided the actual use thereof is with the permission of the owner”.
An PS-1, Certificate of Insurance, made by The Travelers Indemnity Company, to Crum, dated December 19,1956, certified that it issued a policy complying with the Financial Security Act, number MP 1146857, for the period from October 19, 1956 to October 19, 1957, applicable to a 1954 Pontiac motor vehicle, engine number P8Zh 16026, and filed in the Bureau of Motor Vehicles, New York State Department of Taxation and Finance, Albany, New York.
An FS-4, Notice of Termination, made by said Travelers, concerning said policy issued to Crum, was terminated effective December 28, 1957, dated January 8, 1958 and filed in said bureau.
An FS-1, Certificate of Insurance, made by Hartford, to “ Dr. Douglas P. Arnold,” dated December 1,1956, certified that it issued a policy complying with the Financial Security Act, number HK 427477, for the period from March 1, 1956 to March 1, 1957, applicable to a 1955 Pontiac motor vehicle, engine number P 755H 60012 and filed in said bureau.
An MV-104, ¡Report of Motor Vehicle Accident, made by Arnold, concerning accident on October 27, 1957 herein, stated that Crum drove Arnold’s 1955 Pontiac, engine number *1046 P 755H60012, that it was “ being driven by his maid, without permission” and filed with said bureau.
Generally, the “insurance contract” is a private matter between the insurer and the insured or beneficiary. (See Insurance Law, § 41, subd. 1, defining “ insurance contract.”) Since February 1, 1957 the Legislature of this State has determined ‘ that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them ” (Vehicle and Traffic Law, § 93, subd. [2]; L. 1956, ch. 655, eff. Feb. 1, 1957), through the medium of the insurance contract.
Accordingly, the Legislature has enacted article 6-A of the Vehicle and Traffic Law, entitled “Motor Vehicle Financial Security Act ” (L. 1956, ch. 655) commonly called the Financial Security Act, wherein “ proof of financial security ” is defined as “ proof of ability to respond in damges for liability arising out of the ownership, maintenance or use of a motor vehicle as evidenced by an owner’s policy of liability insurance (Vehicle and Traffic Law, § 93-a, subd. 3; emphasis supplied.)
Thus, by statute, the proof of financial security may be evidenced by a policy of liability insurance. Also, by statute, this policy may be evidenced by a “ certificate of insurance ’ ’ issued by the insurer stating such policy has been issued (§ 93-a, subd. 5). Finally, by statute, the termination of this policy may be evidenced by a notice of termination executed bv the insurer (§ 93-c).
Here, the insurance contract issued by Travelers to Crum and another issued by Hartford to Arnold were evidenced by certificates of insurance executed by each insurer.
The question before the court is: May the report of a motor vehicle accident made by an owner of a motor vehicle involved in the accident, reported to and filed with the Bureau of Motor Vehicles, Department of Taxation and Finance, in Albany, New York, stating that his vehicle was being driven by an operator without his permission to do so, constitute sufficient evidence of that fact?
The answer is: Yes.
The methods of establishing as a matter of fact that “ the insured is entitled to recover damages from the owner or operator of an uninsured automobile ”, or not, are many. It has been held, however, that a disclaimer of liability by the insurer based upon acts occurring after the accident is insufficient (Matter of Berman [Travelers Ind.], 11 Misc 2d 291, 293), *1047 that a failure to establish on the record as a fact that the driver was not insured is fatal (Matter of Ross v. Hardware Mut. Cas. Co., 13 Misc 2d 739, 740), that an alleged disclaimer by the insurer and owner on the ground that the car was being driven without the owner’s permission, asserted as a defense but not established as a fact, is not enough, nor is such defense arbitrable (Matter of American Nat. Fire Ins. Co. [McCormack], 15 Misc 2d 692, 693-694).
It may be that the insurance contract, the certificate of insuranee, the notice of termination, the report of motor vehicle accident, as well as the individual words contained therein, are subject to court actions and special proceedings in the future. Nevertheless, the duly filed accident report, subscribed by the owner, stating, without contradiction, that the owner did not permit the operator to drive the automobile, proven by a certified, photostatic copy prepared by the Bureau of Motor Vchicles, Department of Taxation and Finance, of this State, is compliance with the condition precedent to arbitration in this case.
The only arbitrable questions here involved are: (1) whether or not the ‘ ‘ insured is entitled to recover damages from the owner or operator of an uninsured automobile on account of bodily injury # * * of the insured”; (2) “the amount of payment which may be owing ’ ’.
Whether or not the Arnold automobile is uninsured is not a matter of arbitration; it has been established as an uncontradicted fact by the respondent.
The remaining procedural question concerns arbitration as the proper medium to decide, not all the contentions between the parties, but limited ones, without regard to their justiciable character. The answer was recently made by our Legislature in the affirmative.
Section 1448 of the Civil Practice Act, entitled “Validity of arbitration contracts or submissions,” was amended to read, in part: “ Such submission or contract may include or be limited to questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent, subsequent to or independent of any issue between the parties, without regard to the justiciable character of such questions or controversies.” (Italicized matter added by L. 1959, ch. 232, § 1, eft. Sept. 1, 1959. See, also, N. Y. Leg. Doc. 1959 No. 65 [E]; Matter of Delmar Box Co. [Ætna. Ins. Co.], 309 N. Y. 60.)
In conclusion, if the insurer and the insured intended that the words “uninsured automobile” required, as a condition precedent to arbitration, a court action or proceeding to estab *1048 lish that fact, they could have so stated in their insurance contract, but they did not do so in this case.
Motion denied, without costs. Prepare and submit order accordingly.