George M. Fanelli, J.
Petitioner’s application to stay arbitration is denied (see Matter of Royal Ind. Co. v. McMahon, 10 A D 2d 926; Matter of Bankers & Shippers Ins. Co. [Schaefer], 10 A D 2d 573, motions for leave to appeal denied 10 A D 2d *514 625, 7 N Y 2d 711). The record on appeal in the Bankers & Shippers case (supra) indicates that Mr. Justice Conloh in ■ denying the insurance company’s application to stay arbitration held that the arbitration clause (substantially similar to the one at bar) which covers a dispute as to whether the claimant under the policy is legally entitled to recover damages from the owner or operator of an uninsured automobile encompasses a dispute as to whether the owner or operator of the automobile was insured as well as whether the claimant is entitled to recover damages from said owner. This memorandum decision of Mr. Justice Conlok was unanimously affirmed by the Appellate Division, First Department, without opinion. While there seem to be lower court authorities to the contrary (see, i.e., Mitkewicz v. Travelers Ins. Co (22 Misc 2d 637; Matter of Lowe [Ocean Acc. & Guar. Corp.], 21 Misc 2d 1042; Matter of American Nat. Fire Ins. Co [McCormack], 15 Misc 2d 692), nevertheless, until the Appellate Division, Second Department, passes upon this question, this court is inclined to follow the afore-mentioned recent decisions of the Appellate Division, First Department. The records on appeal in these recent cases disclose that the insurance companies in seeking to reverse the decisions of the lower courts denying the request to stay arbitration urged upon the appellate court the argument that the uninsured indorsements of the liability policies in question obligated the parties to arbitrate only the issues of whether the owner or operator of the uninsured vehicle was liable for damages, and if so, the amount of such damages; and that they were not required to arbitrate the issue as to whether or not the vehicle causing the damages was uninsured. However, the Appellate Division, First Department, rejected these arguments and refused to stay the arbitration.
The question involved in this proceeding is one that has for some time vexed insureds who have become involved in accidents with uninsured automobiles. The cases have pointed up the extreme difficulty encountered by an insured in the varying factual situations in establishing that the other automobile causing him the damage was uninsured. It would seem, under the circumstances, that should there exist any ambiguity in the uninsured indorsement regarding the scope of the arbitration, then such ambiguity should be resolved against the petitioner insurer since it prepared the policy (Taylor v. United States Cas. Co., 269 N. Y. 360; Gerka v. Fidelity & Cas. Co., 251 N. Y. 51; Marcus v. United States Cas. Co., 249 N. Y. 21).
With respect to the prior declaratory judgment action brought by respondents, the papers do not fully explain the circumstances *515 under which Mr. Justice Eager dismissed the complaint in June, 1960. No transcript of any record has been presented to the court. Petitioner states that the dismissal was ‘ ‘ for failure to prove a case ” and that it took place at the close of the plaintiffs (respondents) case. ¡Respondents in their memorandum of law states that the dismissal was ‘ ‘ without prejudice to respondents for lack of proof * * * that the dismissal was not upon the merits ”. In any event, the court is of the opinion that the commencement of the prior declaratory judgment action does not constitute an intentional waiver or abandonment on the part of respondents of their right to arbitration, particularly in the light of petitioner’s contention in that action that no controversy existed and that the automobile which caused them damage was not uninsured. The Zimmerman case cited by petitioner is factually distinguishable and is, consequently, inapplicable.
It is quite apparent that respondents at all times have sought some tribunal in which to resolve the question whether or not the automobile which caused them damage was insured or uninsured. In the declaratory judgment action petitioner took the position that no controversy between the parties even existed and now it seeks to take the position that by the commencement of the said action respondents have intentionally waived or abandoned a known right. Such an inconsistent position on the part of the petitioner cannot be sustained.