■ In the Matter of the Arbitration between TRAVELERS INDEMNITY COMPANY, Appellant, and THOMAS SHERWOOD, JR., et al., Respondents.— In a proceeding to stay arbitration of issues: (a) as to whether the automobile (owned by one Garriet D. Hopper), which was involved in an accident with respondents, was uninsured; and (b) as to respondents' damages — arbitration having been demanded under an " uninsured motorist " indorsement upon an automobile liability insurance policy issued by petitioner to respondent Thomas Sherwood, Jr., petitioner appeals from an order of the Supreme Court, Rockland County, dated October 24, 1960, denying its motion for a stay. Order reversed on the law, without costs, and matter remitted to Special Term to determine whether the Hopper automobile was uninsured, and for further proceedings in accordance with such determination. In our opinion, on this appeal it is not necessary to determine that the question whether the other car was uninsured, is a matter for the courts (*Matter of Phoenix Assur. Co.* [*Digamus*], 9 A D 2d 998) or for the arbitrators (*Matter of Royal Ind. Co.* v. *McMahon,* 10 A D 2d 926; *Matter of Bankers & Shippers Ins. Co.* [*Schaefer*], 10 A D 2d 573, motion for leave to appeal denied 7 N Y 2d 711). Respondents waived their right to arbitration of such question when they commenced and brought to trial an action for a declaratory judgment to have the question determined by the court (*Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15, 19). The fact that such declaratory judgment action resulted in a dismissal without prejudice did not impair the effectiveness of respondents' waiver (*Matter of Cooper Hats* [*Kadis*], 285 App. Div. 937, affd. 309 N. Y. 705). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur. [26 Misc 2d 513.]