HYMAN ROSEN, Appellant, *v.* UNITED STATES FIDELITY & GUARANTY COMPANY et al., Respondents.

First Department, June 17, 1965.

*Irving Serota* of counsel (*Kaufman & Serota,* attorneys), for appellant.

*James M. Gilleran* of counsel (*John J. O'Connor,* attorney), for United States Fidelity and Guaranty Company, respondent.

*Lewis I. Wolf* of counsel (*Emanuel Morgenbesser,* attorney), for Cosmopolitan Mutual Insurance Company, respondent.

*Per Curiam.* Plaintiff was injured in an automobile accident on Febraury 7, 1959 involving plaintiff's vehicle and one owned and operated by Clarence Ellington, who was then insured by defendant, Cosmopolitan Mutual Insurance Co. ("Cosmopolitan"). An action was commenced against Ellington in July, 1959. Cosmopolitan's attorney appeared for Ellington and answered. Various proceedings were had in that action, including the service of a bill of particulars, a physical examination and an examination of plaintiff before trial.

However, Ellington failed to appear to be examined, pursuant to plaintiff's notice of examination before trial. In May, 1961, plaintiff moved for summary judgment in the personal injury action. Cosmopolitan wrote to Ellington advising him of the motion for summary judgment and the necessity for submitting an affidavit in opposition. At the same time, Cosmopolitan advised Ellington that it would disclaim liability and its attorney would withdraw if Ellington did not co-operate in the preparation and execution of an affidavit to be submitted in opposition to the motion for summary judgment. Cosmopolitan also claims that an investigator was sent out to locate Ellington but that his efforts were fruitless, and no affidavit was obtained from Ellington.

Plaintiff was successful on his motion for summary judgment after Cosmopolitan had submitted its own affidavit in opposition, based on data obtained from its files. On appeal the order granting summary judgment was affirmed. (*Rosen* v. *Ellington,* 15 A D 2d 878.) Thereupon, Cosmopolitan disclaimed liability under its policy because of Ellington's alleged failure to co-operate.

The instant action was brought to determine whether Cosmopolitan had properly disclaimed, and, in addition, to declare plaintiff's rights against defendant, United States Fidelity & Guaranty Company (USF&G), under the provisions of an "uninsured driver" clause contained in a policy of insurance issued by that company to plaintiff. Upon plaintiff's motion for summary judgment in this action, Special Term held that Cosmopolitan had properly disclaimed and that USF&G was not liable under its policy since there was insurance on Ellington's vehicle applicable on the date of the accident. Summary judgment was accordingly granted to the defendants.

In *Wallace* v. *Universal Ins. Co.* (18 A D 2d 121, 125, affd. 13 N Y 2d 978) this court, per BOTEIN, P. J., said: "It has been stated that to amount to a breach of the co-operation clause ' the attitude of the assured must be one '' of willful and avowed obstruction '' ' (*American Sur. Co.* v. *Diamond,* 1 N Y 2d 594, 599). The burden of proving the breach is placed on defendant by statute (Insurance Law, § 167, subd. 5). True, upon a showing by the insurer of an absence of the insured which remains unexplained despite reasonable efforts to locate the insured, 'the burden of going forward with the proof and supplying the data necessary to repel the adverse inference, must rest on the assured' (*Rushing* v. *Commerical Cas. Ins. Co.,* 251 N. Y. 302, 304). In this case, however, defendant has not made any showing that would warrant placing such a burden upon plaintiff."

Special Term held that Cosmopolitan had, as a matter of law, sustained the burden, under subdivision 5 of section 167 of the Insurance Law, of demonstrating that reasonable efforts to locate the insured had been employed, and consequently granted summary judgment to Cosmopolitan. We disagree, and hold that the record presents a triable issue as to whether Cosmopolitan made reasonable efforts under the circumstances to locate and communicate with Ellington. That issue must be tried as it was in *Wallace* (*supra*), in *Allstate Ins. Co.* v. *Coe* (21 A D 2d 34), and in *National Grange Mut. Ins. Co.* v. *Lococo* (20 A D 2d 785, affd. 16 N Y 2d 585.)

The affidavits submitted by Cosmopolitan regarding the sending of letters and as to the visits by the investigator, Rollerson, do not demonstrate, as a matter of law, that proper and diligent efforts were utilized which were calculated to locate the insured and to obtain his co-operation. The affidavit of the investigator is cryptic in its averments and gives no informative details to demonstrate a meaningful investigation

as to the whereabouts of the insured. These claimed efforts must be gone into more fully at a trial in order to test their efficacy.

As to defendant USF&G, plaintiff's claim rests upon the provisions of an "uninsured driver" clause contained in a policy of insurance issued by that company to plaintiff. Upon receiving notice of disclaimer from Cosmopolitan, plaintiff promptly notified USF&G. The insurance policy defined an "uninsured automobile" as one on which there is "no bodily injury liability insurance applicable at the time of the accident". Disclaimer by the insurer of the other automobile, subsequent to the time of the accident, does not make that automobile an uninsured automobile "at the time of the accident" within the terms of the policy. (*Matter of Berman [Travelers Ind. Co.*], 11 Misc 2d 291; *Matter of American Nat. Fire Ins. Co. [McCormack*], 15 Misc 2d 692.) Cases relied on by plaintiff under sections 600 to 626 of the Insurance Law (Motor Vehicle Accident Indemnification Corporation Law) are inapplicable. That law became effective on January 1, 1959, while the uninsured indorsement, on which plaintiff relies, was issued on June 14, 1958. Special Term properly held that there was liability insurance applicable at the time of the accident, precluding plaintiff's claim against USF&G.

The judgment and resettled order should therefore be modified, on the law, to the extent of denying summary judgment to defendant, Cosmopolitan, with costs and disbursements to plaintiff against defendant Cosmopolitan, and otherwise the judgment and resettled order should be affirmed, with costs and disbursements to defendant United States Fidelity & Guaranty Company. Settle order on notice.

VALENTE, J. (dissenting in part). I concur in the modification of the judgment as to defendant Cosmopolitan. However, I must dissent as to the majority's formalistic and restrictive interpretation of the "uninsured driver" clause in plaintiff's policy with defendant USF&G. Unquestionably the purpose of such a clause was to protect the plaintiff, an insured person, against damages by a financially irresponsible party. Unless the language of the policy is so crystal clear as to permit but one contrary interpretation, the clause should be construed to accomplish its evident purpose. In case of ambiguity, the construction must be against the insurer. To give a reasonable meaning to this clause, consistent with its beneficent purpose, it should be construed to mean that a motorist is uninsured when there is no applicable insurance to cover plaintiff's claim,

whether such failure results from no insurance at all or a disclaimer by an insurer after the accident. The word "applicable" used in the policy is ambiguous. Where there is a subsequent disclaimer, it may well be said there was no insurance "applicable" at the time of the accident. I would so hold and would reject the conclusions of *Matter of Berman (Travelers Ind. Co.)* (11 Misc 2d 291) and *Matter of American Nat. Fire Ins. Co. (McCormack)* (15 Misc 2d 692), the two nisi prius decisions relied on by the majority of this court. In referring to those two cases, the author, in Appleman, Insurance Law and Practice (vol. 7, § 4331, p. 215, n. 2.75) says: "These results are also open to question as being, perhaps, unwarrantedly narrow. After all, is not a vehicle uninsured if there is no coverage available to pay damages as much as if no coverage had been purchased in the first instance?"

Although the MVAIC Law became effective after the issuance of the policy in suit, the purposes of that law bear significantly upon the issue here presented. Plaintiff need not be denied a remedy because his policy was issued some six months before MVAIC became effective. The accident occurred after January 1, 1959. The policy should therefore be construed to place plaintiff on a parity with those who obtained policies after January 1, 1959, where as appears here, the language is susceptible of such a construction. I would reverse the judgment as to USF&G and grant plaintiff summary judgment declaring that plaintiff is covered by the "uninsured motorist" clause in his policy in the event Cosmopolitan's disclaimer should be sustained.

BOTEIN, P. J., BREITEL, RABIN and STALEY, JJ., concur in *Per Curiam* opinion; VALENTE, J., dissents in part in opinion.

Judgment and resettled order modified, on the law, to the extent of denying summary judgment to defendant, Cosmopolitan, with $50 costs to plaintiff against defendant Cosmopolitan, and otherwise the judgment and resettled order are affirmed, with $50 costs to defendant United States Fidelity & Guaranty Company against plaintiff. Settle order on notice.