■ MONICA W. FURLONG, Appellant, v NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Respondents. — Judgment, Supreme Court, New York County (Alvin Klein, J.), entered July 7, 1982, unanimously affirmed, without costs or disbursements. This proceeding was brought for alternative relief, in the nature of prohibition or for a declaratory judgment prohibiting respondents from seeking or threatening to remove petitioner's authorization to render treatment in workers' compensation cases. The controversy arose when the late Arthur Cooperman, former chairman of the Workers' Compensation Board, advised petitioner by letter dated December 5, 1980, to desist from charging fees for medical services in excess of the medical fee schedule or her authorization to treat compensation claimants would be withdrawn. Claiming that the legislative provision established a minimum fee schedule and did not proscribe medical charges in excess thereof, petitioner brought this proceeding in February, 1981. On July 24, 1981, the court granted preliminary injunctive relief, enjoining respondents from withdrawing or threatening to withdraw petitioner's authorization to treat compensation cases as a result of her practice of billing at her usual and customary fees. Since it was disclosed that Mr. Cooperman had passed away, the court amended the caption to continue the action as against the successor chairman, without reference to a named individual. Nine months later, in April, 1982, the matter came on before Special Term, respondents cross-moving for summary judgment dismissing the petition, arguing that (1) no present or foreseeable justiciable dispute existed so as to support the request for declaratory judgment relief and (2) prohibition was unavailable as a remedy to restrict the chairman in exercising his administrative duties under sections 13 and 141 of the Workers' Compensation Law. According to respondents, any dispute which may have existed was purely a personal one between petitioner and Mr. Cooperman and, since Chairman Kroeger had not sought to take any affirmative action nor had he reaffirmed the position of the previous chairman, no justiciable controversy existed and the request for declaratory relief would require no more than an advisory opinion. Special Term agreed and, accordingly, granted the cross motion, concluding that "courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a 'controversy' is dependent upon the happening of future events." (*Prashker v United States Guar. Co.,* 1 NY2d 584, 592.) We are in agreement that, on this record, no justiciable controversy exists so as to support the relief requested in the petition. It is significant that more than 2½ years has elapsed, with no action having been taken by the present chairman to threaten or to effect the removal of petitioner's authorization to treat compensation patients. In support of the cross motion, Chairman Kroeger unequivocally stated that he had not adopted the interpretation held by his predecessor, the late Chairman Cooperman, and had neither threatened nor intended to take any action against petitioner. Further, there is nothing in the record to reflect any contemplated action by the present chairman, Mr. Steingut, who succeeded Chairman Kroeger. Moreover, despite the passage of time, no adjudicatory proceeding has been commenced by the service of charges, which would have afforded the physician the right to appear, interpose an answer, be represented by counsel and to cross-examine witnesses at a

hearing to be held (see *Matter of Goldberg v Kroeger,* 85 AD2d 519, 520-521, affd 56 NY2d 610; 12 NYCRR 326-1.5). Under the present circumstances, no real, present and justiciable controversy exists. Inasmuch as the dispute between the parties is dependent upon the possible happening of a future event, which may not occur, the request for declaratory judgment relief is at best premature and would embroil the court in a determination which would amount to no more than an advisory opinion (see *New York Public Interest Research Group v Carey,* 42 NY2d 527, 531; *Prashker v United States Guar. Co.,* 1 NY2d, at p 592). When and if administrative proceedings are instituted challenging petitioner's standing and authority to render services in compensation cases, she will have a full opportunity at that time to litigate the issue either in the administrative proceeding, by judicial review following any determination to be rendered or, if necessary and appropriate at that time, by an action for declaratory judgment relief. At this juncture, however, there is no need to subject the courts to a disposition which on this record would amount to no more than an academic exercise. Nor is prohibition the proper remedy since there is no valid claim that the administrative body is proceeding without or in excess of its jurisdiction. Concur — Carro, J. P., Fein, Milonas, Kassal and Alexander, JJ.