■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LEE SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in admitting evidence of prior uncharged crimes. We disagree. The evidence of defendant's prior confrontations with the victim was relevant to establish defendant's motive *(see, People v Mees,* 47 NY2d 997, 998; *People v Moore,* 42 NY2d 421, 433, *cert denied* 434 US 987; *People v Connally,* 105 AD2d 797; *see also, People v Johnson,* 149 AD2d 930, *lv denied* 73 NY2d 1017). Further, from our review of the record, we conclude that the evidence was properly admitted because its probative worth exceeded its potential for prejudice *(see, People v Hudy,* 73 NY2d 40; *People v Alvino,* 71 NY2d 233, 242; *People v Ely,* 68 NY2d 520, 529).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—criminal possession of a weapon, second degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.

■ In the Matter of RUDOLPH V. PARR, Appellant, v ONONDAGA COUNTY LEGISLATURE et al., Respondents.—Judgment unanimously affirmed without costs for reasons stated in opinion at Supreme Court, Lowery, J. (139 Misc 2d 975). (Appeal from judgment of Supreme Court, Onondaga County, Lowery, J.—art 78.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.

■ HULL CORPORATION, Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor of the State of New York, Respondent.—Determinations unanimously confirmed and petition dismissed without costs. Memorandum: Since the Commissioner has not rendered a determination that petitioner's willful violations of the Labor Law bar it from bidding on or being awarded any public works contract for a period of five years, any review of this issue is premature and would amount to no more than an advisory opinion *(see, New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 531; *Furlong v New York State Workers' Compensation Bd.,* 97 AD2d 357; *Matter of Levy v Huntington Hosp.,* 45 AD2d 848). (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Mordue, J.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.