OPINION OF THE COURT
David Goldstein, J.
Plaintiff, Allstate Insurance Company, had insured Loester, *373 the defendant in an action which was brought by Stigliano to recover for personal injuries sustained in a motor vehicle accident. The underlying action has been pending since September 1995, Loester having promptly delivered the summons and complaint to Allstate, whose attorneys have been defending him in that action. A preliminary conference held July 9, 1996 established a discovery schedule, with Stigliano’s deposition held on May 14, 1997, and his physical examination conducted on June 18, 1997. A note of issue was filed and the ease is presently on the calendar, awaiting trial.
In bringing this action, and in moving for summary judgment, Allstate seeks to give effect to its disclaimer in the underlying negligence action, based upon the alleged breach by its insured of the cooperation clause of the policy. Allstate disclaimed by letter to Loester on May 1, 1997, after a warning letter on January 16, 1997, which advised that the insured had breached the cooperation clause of the policy. In the main, the disclaimer is premised upon the assured’s (Loester’s) failure to appear for deposition in the underlying action. Other than this specific assertion of noncooperation, the moving papers allege that Loester was “generally uncooperative,” that he “ignored correspondence” and “showed a complete disinterest in cooperating”.
Although Allstate’s motion is supported by the affidavit of an investigator, it is devoid of any facts. Instead, it refers to a letter report on January 10, 1997, which, in that form, has no probative value. In any event, it is equally lacking in necessary specifics as to a legitimate effort by the insurer to ascertain the whereabouts of its insured and secure his cooperation. In the first place, the investigator who prepared the affidavit was not the person who conducted the investigation, to the extent one was conducted. This is obvious from the continuous reference to “we” and “our”. The letter is by someone else and is similarly not prepared by the person who conducted the investigation. Rather, it recites the details of the search and investigation done by “our office” and “our investigator.” Thus, both are based upon hearsay and are palpably deficient. Even were the letter to be considered, other than the isolated trip to what was believed to be Loester’s residence, on this record, there was no real attempt to elicit his cooperation. The date the undisclosed investigator traveled to Seaford is not set forth. He (or she) met with one who denied that he was Loester, but unnamed “residents” allegedly advised that the person was in fact Ger *374 ard Loester. From that isolated event, it is concluded that the insured would not cooperate. Plainly, these minimal efforts are inadequate to satisfy the heavy burden imposed upon the insurer in terms of establishing a breach of cooperation. Nor do the moving papers disclose any effort in the past one year and five months since the solitary, January 1997 attempt.
Our courts have consistently recognized that the burden of proving lack of cooperation of the insured is upon the insurer. Inasmuch as the defense “frustrates the policy of this State that innocent victims of motor vehicle accidents be recompensed for the injuries inflicted upon them [citations omitted] the courts have consistently held that the burden of proving the lack of co-operation is a heavy one indeed.” (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168; see also, Matter of Empire Mut. Ins. Co. [Stroud], 43 AD2d 931, affd 36 NY2d 719.) The insurer must demonstrate that, (1) “it acted diligently in seeking to bring about the insured’s co-operation”, (2) the efforts employed by the carrier were reasonably calculated to obtain the insured’s cooperation, and (3) “the attitude of the insured, after his co-operation was sought, was one of ‘willful and avowed obstruction’ ”. (See, Thrasher v United States Liab. Ins. Co., supra, at 168; see also, Matter of Garcia v Abrams, 98 AD2d 871, 872, amended 101 AD2d 601; Van Opdorp v Merchants Mut. Ins. Co., 55 AD2d 810.) The methods employed by the insurer must be reasonably calculated to find the insured and secure his cooperation. There must be substantial effort exerted with a reasonable degree of skill. Further, willful noncooperation must be shown. The carrier must prove, and its burden is a “heavy” one, an attitude of “willful and avowed obstruction” of the efforts by the insurer to defend the action. (National Grange Mut. Ins. Co. v Lococo, 20 AD2d 785; Wallace v Universal Ins. Co., 18 AD2d 121, 125.)
Under this standard, it has been held that it may not be inferred that an insured’s failure to answer correspondence from the insurer is indicative of an attitude of willful and avowed obstruction and that proof of such must be adduced (see, Gutnick v Long Is. Ins. Co., 54 Misc 2d 963, affd in part, dismissed in part 30 AD2d 810). Further, even the failure to return registered letters addressed to the insured does not establish that they were received and may not form the basis for a disclaimer based upon the assured’s lack of cooperation. (See, Matter of Empire Mut. Ins. Co. [Stroud], supra, 43 AD2d, at 932.) On this basis, the general claims here, that Loester did not respond to Allstate’s communications, and that he “ignored correspondence”, are palpably insufficient.
*375 Aside from the foregoing, it has been recognized that the issue whether the insured failed to cooperate with the insurer in the defense of the action poses a factual question for the jury. (See, Seltzer v Indemnity Ins. Co., 252 NY 330, 335; Kehoe v Motorists Mut. Ins. Co., 20 AD2d 308, 311; Wallace v Universal Ins. Co., supra, at 122-123.) In Kehoe (supra), which also involved an alleged failure to appear for deposition, the appellate court found that, in terms of the duty to cooperate, the several factual issues were properly submitted to the jury, namely, proof relating to the efforts made and those which were not made by the insurer to secure the insured’s attendance. The critical determination is a factual one and requires a balancing of the corresponding duties, that by the insured to cooperate, and the insurer’s duty to exercise diligence and good faith in bringing that cooperation about. (Wallace v Universal Ins. Co., supra.) As was observed by Presiding Justice Botein in Wallace (at 122), “ ‘Elementary principles of justice and fair dealing require such a rule.’ ” (Quoting Imperiali v Pica, 338 Mass 494, 498, 156 NE2d 44, 47.)
Similarly, in Rosen v United States Fid. & Guar. Co. (23 AD2d 335), the Court found that a triable issue was presented whether Cosmopolitan Mutual Insurance Company had made reasonable efforts to locate and communicate with its insured. In so concluding, the Court found that the sending of letters and the visits by an investigator did not demonstrate, as a matter of law, that proper and diligent efforts were utilized which were calculated to locate the assured and obtain his cooperation. The observation by the Court in Rosen could apply with equal force here: “The affidavit of the investigator is cryptic in its averments and gives no informative details to demonstrate a meaningful investigation as to the whereabouts of the insured. These claimed efforts must be gone into more fully at a trial in order to test their efficacy.” (23 AD2d, at 337-338.)
Although not addressed by either party, this court fails to perceive either the necessity or propriety of this declaratory judgment action, upon the ground asserted, until after final disposition of the underlying action. This is the very procedure contemplated by Insurance Law § 3420 (b) and (c). The only factual assertion allegedly evincing a failure to cooperate here is the nonappearance of the insured at his examination before trial in the main action. As noted, the insurer has not satisfied its burden of demonstrating a failure to cooperate, nor did it adequately demonstrate substantial effort to secure the *376 insured’s cooperation. In addition, after the letter of warning, Allstate, through counsel, stipulated and agreed in the underlying action that the assured could be produced for deposition at least 30 days prior to trial, in the absence of which Loester would not be permitted to testify. This was on March 7, 1997. Having agreed to such, Allstate is bound by the terms of the stipulation and should be precluded from now proceeding in an inconsistent manner, attempting to use the prior failure to appear as a basis for its disclaimer. Unless and until that future event occurs, there can be no breach of the cooperation clause of the policy, assuming a real effort by the insurer to obtain Loester’s cooperation.
Moreover, in light of the stipulation permitting the deposition to proceed 30 days prior to trial, in my view, “there is no presently justiciable controversy before the court,” since the existence of such a controversy “is dependent upon the happening of future events.” (See, Prashker v United States Guar. Co., 1 NY2d 584, 592; see also, Combustion Eng’g v Travelers Indem. Co., 75 AD2d 777.) Implicit in Prashker (supra) is the recognition that, where the controversy between the insured and the insurer is dependent upon future events, or relates to facts subsequent to institution of the underlying action, the coverage issue can be litigated after conclusion of the main action (1 NY2d, at 592).
Thus, as was observed in Furlong v New York State Workers’ Compensation Bd. (97 AD2d 357, 358), “Inasmuch as the dispute between the parties is dependent upon the possible happening of a future event, which [may or] may not occur, the request for declaratory judgment relief is at best premature and would embroil the court in a determination which would amount to no more than an advisory opinion”. (See also, New York Pub. Interest Research Group v Carey, 42 NY2d 527.) In such case, until the happening of the event and conclusion of the underlying action, there is no real, present and justiciable controversy.
This is especially so in this case, where the parties have agreed to permit the insured to appear for examination before trial 30 days prior to trial. In doing so, these parties have effectively chartered their own course. On the facts of this case, if the deposition does take place, there would be no act of noncooperation sufficient to support the disclaimer. Of course, the insurer does have the obligation to diligently and in good faith secure Loester’s attendance. On this record, that has not been done. In any event, in view of the stipulation, the time to *377 comply has not elapsed and, at this time and on this record, there is no basis for this declaratory judgment action. Inasmuch as no present justiciable controversy exists, the action is premature and should be dismissed.
Although only plaintiff has moved for summary judgment relief, and no cross motion has been made, it is well established that, on a motion for summary judgment, the court may search the record and, if warranted, grant summary relief even in the absence of a cross motion. (See, Kornfeld v NRX Technologies, 93 AD2d 772, affd 62 NY2d 686; Wehringer v Helmsley-Spear, Inc., 91 AD2d 585, affd 59 NY2d 688; Carroll v New York Prop. Ins. Underwriting Assn., 88 AD2d 527, lv dismissed 57 NY2d 774; Flaks, Zaslow & Co. v Bank Computer Network Corp., 66 AD2d 363; Jelinek v City of New York, 25 AD2d 425.)
Accordingly, upon the foregoing, Allstate’s motion for summary judgment is granted to the extent of awarding summary judgment to defendant Stigliano declaring, on this record, that the insurer failed to satisfy its burden to prove a breach by the insured of the cooperation clause of the policy and the action is dismissed as premature.