OPINION OF THE COURT
Howard S. Miller, J.
The defendant moves for summary judgment pursuant to CPLR 3212, dismissing the plaintiffs claim. The underlying cause of action is one by plaintiff, a medical service provider, to recover monies due under a no-fault insurance claim from the defendant, who was the insurance company of plaintiffs assignor.
It is uncontested that medical services in the amount of $167.20 were rendered on September 26, 2001 to Sarabjit Singh, plaintiffs assignor, for injuries allegedly arising out of *426 an accident on March 7, 2001. At some point within a month or so after the accident, defendant became aware of it and claims to have arranged for a letter to be sent by an independent medical examiner[1] to plaintiffs assignor, scheduling appointments for two medical examinations in the latter part of May 2001, i.e., several months before plaintiffs assignor sought the treatment that is the subject of this action. Plaintiffs assignor apparently failed or refused to attend the examinations, for reasons that have not been disclosed to the court. The defendant thereupon issued, to plaintiffs assignor, its first denial of claim.
After rendering the subject treatment and receiving an assignment of no-fault benefits, presumably without knowledge that its assignor had not submitted to a medical examination, plaintiff submitted a statutory proof of the claim, which defendant received on April 15, 2002. Defendant thereupon made a second, timely denial on the grounds that its insured had failed, the previous May, to comply with a policy condition, i.e., that the insured must submit to such medical examinations as the insurer may reasonably require. Defendant moves for summary judgment on the ground that the failure of plaintiffs assignor to submit to medical examinations means that the insured failed to comply with the conditions in the policy, thereby relieving the insurer of liability as a matter of law.
Unfortunately, there does not seem to be a great deal of pertinent case law on the precise issue submitted to the court, namely whether an insurer can demand medical examinations before a formal no-fault claim has been submitted, and whether a failure of the insured to submit to such examinations can constitute a good defense, under the policy, to a no-fault claim for subsequent treatment. The defendant has submitted a number of arbitration decisions and an opinion by the Office of General Counsel of the New York State Insurance Department. The only pertinent court decision that defendant cites is Matter of Adams v Allstate Ins. Co. (210 AD2d 319 [2d Dept 1994]). In that case, the Appellate Division[2] declined to reverse an arbitral award in favor of the defendant insurance company, *427 finding that the award had a “rational basis.” That is hardly a ringing endorsement of defendant’s claim, in this action, to be entitled to summary judgment prior to a hearing on the merits.
The real questions at issue on this motion are whether it is reasonable for an insurer to demand medical examinations prior to the submission of a no-fault claim, and whether such demands are in derogation of the remedial purposes behind the No-Fault Insurance Law. Those remedial purposes are facilitated by a well-established system whereby medical providers furnish medical services to injured parties in exchange for assignments of their no-fault benefits. Such medical services would rapidly become unavailable or very difficult to administer if medical providers must first establish, prior to rendering services, whether their patient has failed to submit to an insurance company’s demand for an examination. A finding in the defendant’s favor on this motion, however, would have just such a chilling effect on the provision of medical services to injured parties, thereby undermining the remedial purposes of the no-fault laws. For that reason alone, the court is very reluctant to grant the motion.
Furthermore, on a summary judgment motion, the opposing party is entitled to the benefit of all possible inferences from the facts. On this motion, the court infers that the plaintiffs assignor may not have realized the extent of injury at the time that defendant demanded medical examinations, and therefore may not have seen the need for them. Although the alleged notice that was sent to plaintiffs assignor stated, “failure to KEEP THIS APPOINTMENT COULD RESULT IN LOSS OF BENEFITS,” that is hardly fair warning that a failure to keep the appointment will result in loss of all future benefits, even for injuries whose symptoms have yet to materialize, which is the interpretation for which defendant now argues.
There is also no evidence on the record before the court to indicate that the plaintiffs assignor spoke English or was able to understand the alleged notice. The defendant however was certainly on inquiry notice, from the assignor’s name, that a foreign language might be involved.
There is also no record before the court to indicate why it is even necessary for insurers to schedule medical examinations so quickly after an accident. While the court could perhaps hazard a guess in that regard, there is no basis on the record, and the plaintiff has had no opportunity to demonstrate that such a prompt examination was not necessary under the facts of this case.
*428 For all of the foregoing reasons, the court believes that it cannot be held, as a matter of law, that the defendant’s demands for a medical examination were reasonable under the facts of this case, and therefore it cannot be held that the plaintiffs assignor failed to comply with the conditions of the policy. As the court stated, in a somewhat different context in Allstate Ins. Co. v Loester (177 Misc 2d 372, 375 [Sup Ct, Queens County 1998]), “it has been recognized that the issue whether the insured failed to cooperate with the insurer * * * poses a factual question for the jury [citing cases].” That is because of the “heavy burden” on insurers who wish to establish a breach of policy conditions.
It follows that the defendant’s motion is denied.

. Plaintiffs assertion in that regard is not supported by an affidavit from someone with personal knowledge, namely a representative of the independent medical examiner. That alone would be sufficient grounds to deny the relief sought herein, but it is not the basis of this decision.

. Over a vigorous dissent by Justice Miller (which this court finds very persuasive, for reasons apart from the name of the dissenting Justice, who is no relation).