OPINION OF THE COURT
Howard S. Miller, J.
The defendant moves for summary judgment pursuant to CPLR 3212, dismissing the plaintiff’s claim. The underlying cause of action is one by plaintiff, a medical service provider, to recover monies due under a no-fault insurance claim from the defendant, who was the insurance company of plaintiff’s assignor.
*430 For purposes of this motion, it is uncontested that medical services in the amount of $759.07 were rendered in November and early December of 2001 to Judith Rattan, plaintiffs assignor, for injuries allegedly arising out of an accident on November 24, 2001. At some point within a month or so after the accident, defendant became aware of it and claims to have arranged for a letter to be sent by an independent medical examiner to plaintiffs assignor, scheduling appointments for two medical examinations on January 8 and 12, 2002. Defendant also claims to have summoned plaintiffs assignor for an examination under oath on December 28, 2002, and again on January 16, 2002. Plaintiffs assignor did not attend the examinations, for reasons that have not been disclosed to the court.
After rendering the subject treatment and receiving an assignment of no-fault benefits, plaintiff submitted statutory proofs of the claim, which defendant received on and after January 17, 2002. Defendant thereupon made timely denials on the grounds that its insured had failed to comply with policy conditions, i.e., that the insured must submit to such medical examinations and examinations under oath as the insurer may reasonably require. Defendant moves for summary judgment on the ground that the failure of plaintiffs assignor to submit to medical examinations and examinations under oath means that the insured failed to comply with the conditions in the policy, thereby relieving the insurer of liability as a matter of law.
Unfortunately, there does not seem to be a great deal of pertinent case law on the precise issue submitted to the court, namely whether an insurer can demand examinations of the insured before a formal no-fault claim has been submitted, and whether a failure of the insured to submit to such examinations can constitute a good defense, under the policy, to a no-fault claim. The defendant has submitted a number of arbitration decisions and an opinion by the Office of General Counsel of the New York State Insurance Department. The only pertinent court decision that defendant cites is Matter of Adams v Allstate Ins. Co. (210 AD2d 319 [2d Dept 1994]). In that case, the Appellate Division[1] declined to reverse an arbitral award in favor of the defendant insurance company, finding that the award had a “rational basis.” That is hardly a ringing *431 endorsement of defendant’s claim, in this action, to be entitled to summary judgment prior to a hearing on the merits.
The real questions at issue on this motion are whether it is reasonable for an insurer to demand examinations prior to the submission of a no-fault claim, and whether such demands are in derogation of the remedial purposes behind the No-Fault Insurance Law. Those remedial purposes are facilitated by a well-established system whereby medical providers furnish medical services to injured parties in exchange for assignments of their no-fault benefits. Such medical services would rapidly become unavailable or very difficult to administer if medical providers must be assured, on pain of a summary judgment dismissal of their assigned claim, that their patients will cooperate thereafter with their insurers’ demands for examinations. A finding in the defendant’s favor on this motion, however, would have just such a chilling effect on the provision of medical services to injured parties, thereby undermining the remedial purposes of the no-fault laws. For that reason alone, the court is very reluctant to grant the motion.
Furthermore, on a summary judgment motion, the opposing party is entitled to the benefit of all possible inferences from the facts. On this motion, the court notes that the defendant’s examination demands were addressed to plaintiffs assignor at 1545 Rhinelander Avenue No. 4B, Bronx, New York, whereas the address shown on the claims that plaintiff submitted at about the same time was 3208 Pearsall Avenue, apartment PH, Bronx, New York.[2] Therefore, the court will infer for purposes of this motion that the plaintiffs assignor, through no fault of her own, did not receive the demands, which would excuse her nonappearance at the examinations.
There is also no record before the court to indicate why it is even necessary for insurers to schedule examinations so quickly after an accident. While the court could perhaps hazard a guess in that regard, there is no basis on the record, and the plaintiff has had no opportunity to demonstrate that such a prompt examination was not necessary under the facts of this case.
For all of the foregoing reasons, the court believes that it cannot be held, as a matter of law, that the defendant’s demands for medical examinations and examinations under oath were reasonable under the facts of this case or that the *432 plaintiffs assignor breached the policy conditions even if the demands were reasonable. As the court stated, in a somewhat different context in Allstate Ins. Co. v Loester (177 Misc 2d 372, 375 [Sup Ct, Queens County 1998]), “it has been recognized that the issue whether the insured failed to cooperate with the insurer * * * poses a factual question for the jury [citing cases].” That is because of the “heavy burden” on insurers who wish to establish a breach of policy conditions.
It follows that the defendant’s motion is denied.

. Over a vigorous dissent by Justice Miller (which this court finds very persuasive, for reasons apart from the name of the dissenting Justice, who is no relation).

. The court determined this address from the attachments to the original complaint in the court’s file. The court finds it rather curious, to say the least, that the copy of the complaint annexed to defendant’s motion papers failed to include those attachments.