Van Voorhis, J.
 

 On October 5, 1953 an airplane crash occurred near Pittsburgh, Pennsylvania. It was a private plane belonging to Choice Embroidery
 
 &
 
 Laces, Inc., being piloted by Nathan Prashker, with Harold Weissman as passenger. They had taken off from Allegheny County Airport to fly to Cleveland, Ohio. Both were killed. The pilot held a VER license (entitling him to pilot an aircraft under visual flying rules), but he was not licensed to operate under instrument flight conditions. Blinded by clouds, the pilot doubled back upon his course and crashed to the south of Allegheny County Airport, from which he had taken off, in what appears to have been an unsuccessful endeavor to land there.
 

 The pilot’s administratrix, Goldie B. Prashker, and the corporation which owned the plane, have been sued by the administratrix of the passenger, Weissman, in three actions — one in a State court in Pennsylvania, where the accident occurred, one in the United States District Court for the District of New Jersey, where the pilot lived, and the third action in a New Jersey State court.
 

 The pilot’s estate and the corporation which owned the plane immediately notified Federal Insurance Company, then known as United States Guarantee Company, defendant in this action, but it declined liability under its policy in letters, dated May 12, 1954, stating that ‘ ‘ Mr. Prashker at the time of the accident was violating the Civil Aeronautics Administration’s regulations pertaining to instrument flying and was in addition violating the terms of his pilot’s certificate ”, and further that
 
 “
 
 Our investigation of the accident which occurred in Allegheny County, Pennsylvania, is now complete and we must respectfully advise that it reveals that Mr. Prashker at the time of the accident was violating the Civil Aeronautics Administration’s
 
 *588
 
 regulations pertaining to instrument flying and was in addition violating the terms of his pilot’s certificate. In view of such and for other reasons that may appear we are this date disclaiming any and all liability under United States Guarantee policy
 
 No.
 
 AL1-5763 for any claim that may be brought against you as a result of such accident.”
 

 The pilot’s estate and the corporate owner of the plane thereafter commenced this action for a declaratory judgment determining that the accident was covered by the policy, and that the defendant is obligated to defend these suits and to pay all obligations previously incurred in defending.
 

 After answering, the defendant insurance company moved at Special Term to dismiss so much of the complaint as asks for a declaratory judgment that the accident is covered by the terms of the policy, and that it is obligated to pay any damages which may be awarded against the pilot’s estate and the owner of the plane arising out of the crash.
 
 “
 
 The ground for said motion ”, the notice of motion states, ‘1 is that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action in that it fails to present a present or justiciable controversy with respect to the above matters ’ ’.
 

 The pilot’s estate and the plane owner cross-moved for summary judgment under rules 113 and 114 of the Rules of Civil Practice.
 

 Special Term denied the insurance company’s motion to dismiss the portions of the complaint asking for an adjudication of defendant’s liability to indemnify against whatever loss may result from recoveries in the pending negligence actions brought by the estate of the passenger, partially granted plaintiffs’ motion for summary judgment by requiring the insurance company to defend these actions, and to reimburse plaintiffs for suit money theretofore incurred, and denied the rest of plaintiffs’ motion for summary judgment. Although declining to decide the coverage of the policy on motion for summary judgment, that disposition would allow the question of the insurance company’s liability for indemnification to be decided upon the trial of an action for declaratory judgment, prior to the determination of whether or on what basis the assureds may be held to be liable in the principal actions.
 

 The Appellate Division affirmed, without opinion Presiding Justice Peck dissenting.
 

 
 *589
 
 The only policy with which we are concerned on this appeal is the liability policy described as No. AL1-5763, which contains the following exclusionary clause:
 

 “EXCLUSIONS
 

 “ This policy does not apply:
 

 * # *
 

 “ (e) to any Insured who operates or who permits the operation of the aircraft:—• (1) in violation of # * * the terms of any Civil Aeronautics Administration Pilots Certificate; (2) in violation of any regulations of the Civil Aeronautics Administration applicable to acrobatic flying, instrument flying, repairs, alterations and inspections, night flying, minimum safe altitudes and student instruction; (3) * *
 

 Section 43.65 of the Civil Air Regulations administered by the Civil Aeronautics Administration, states: “A pilot shall not pilot aircraft under instrument flight rules, unless he holds a valid instrument rating issued by the Administrator.” It is conceded that Nathan Prashker did not hold a valid instrument rating issued by the administrator. Section 60.30
 
 et seq.
 
 of the Visual Flight Rules provide the cloud ceiling conditions and distance from clouds under which the holder of such a license is permitted to fly.
 

 The complaint in the Pennsylvania action, and presumably the complaints in the other actions also, alleges that Nathan Prashker was negligent in the following respects:
 

 “ (a) In operating said airplane in weather conditions in which he was not qualified to fly.
 

 “(b) In climbing into clouds, overcast or other atmospheric condition which prevented him from seeing the ground and in which he was not qualified to fly.
 

 “ (c) In failing to keep said airplane under control.
 

 “ (d) In allowing said airplane to descend in a rapid dive or spiral.
 

 “ (e) In pulling said airplane out of a rapid downward descent too abruptly.
 

 ‘ ‘ (f) In maneuvering said airplane so as to subject it to loads, stresses and strains in excess of its designed and placarded limitations.
 

 “(g) In allowing said airplane to exceed its designed and placarded limitations.
 

 
 *590
 
 “ (h) In operating said airplane in a careless and reckless manner so as to endanger the life of said Harold B. Weissman and without due regard for his safety.
 

 “ (i) In not returning to the airport from which he had left, or landing at some other airport in the vicinity, as soon as he discovered or could anticipate the unsuitability of the weather and while he could still have landed with safety.
 

 “ (j) In failing to exercise reasonable care and diligence under the attendant circumstances.”
 

 Liability is thus asserted against these assureds by the Weiss-man estate on some grounds which, if established, would fall within and upon some which would fall without the exclusionary clause in the insurance policy. The grounds most likely to exempt defendant insurance company from liability would be that Prashker operated the airplane in weather conditions in which he was not licensed or qualified to fly, that he neglected to return to the airport or to land at another airport in the vicinity as soon as he discovered or should have anticipated the unsuitability of the weather, and while he could still have landed with safety, but that instead of doing so he climbed into the clouds in violation of the terms of his license and the regulations of the Civil Aeronautics Administration. Other grounds of liability asserted by the Weissman estate would bring the loss within the insurance coverage, such as allowing the plane to descend in a rapid dive or spiral, pulling out of a rapid downward descent too abruptly, and maneuvering the plane so as to subject it to loads, stresses or strains in excess of its designed and placarded limitations.
 

 Manifestly it cannot be ascertained in advance of the trial of these negligence actions which of these grounds of liability, if any of them, will be adjudicated against these assureds. Consequently it cannot be known in advance of the determination of those actions whether the estate of the pilot and the owner of the plane are indemnified by this policy against whatever judgments for damages which may be entered against them. If the existence or absence of liability on the part of this insurance carrier is to be declared under any and all contingencies in advance of the trial of the primary negligence actions, it may well be that the insurance company will be held or exonerated in this declaratory judgment action on a different factual basis from that which will later be established in the negligence
 
 *591
 
 actions. It is only the latter which can be controlling. In this context the policy provides:
 
 “
 
 6. Action Against Insurer — Except in Respect to Coverage D, no action shall lie against the Insurer * * * until the amount of the Insured’s obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the Claimant and the Insurer.” The difficulty is that Special Term and the Appellate Division majority have held that a triable issue exists
 
 in this declaratory judgment action
 
 concerning whether Weissman met his death under circumstances which would bring any recovery that he may secure within or without the provisions of this policy.
 

 Under that holding the facts might be decided in one manner in the declaratory judgment action, and differently in the principal actions, with the consequence that the liability of the carrier or lack of it might be decided on facts other than those to be established between the parties in the main action or actions. This policy is one of indemnification; it is clear that the liability of the insurance company depends upon the basis for liability which is adjudicated against the assureds in the main actions. Unless the insurance company would be liable under the policy on the facts underlying each theory of liability pleaded against the assureds in the complaints in the pending negligence actions, it would be premature to entertain jurisdiction of a declaratory judgment action before it can be known whether or not the loss would be covered by the policy. Some of the grounds pleaded may be sustained and others not. If, for example, the basis for liability against these plaintiffs were to be that Prashker pulled out of a power dive too rapidly, breaking off a wing, liability on the policy would follow. On the other hand, if he climbed into the clouds instead of landing while he was yet able to do so under visual flight conditions, grave questions of coverage will arise. It would be premature to attempt to decide in a declaratory judgment action, without a jury, what the Weissman estate is going to prove later at the trial or trials of the negligence actions. The complaint does not state a presently justiciable issue to be decided by a declaratory judgment.
 

 Oases on the appropriateness of declaratory judgments construing insurance contracts apply to situations where issues of fact on which the insurance coverage depends do not await to
 
 *592
 
 be adjudicated in the principal action. Almost all of them relate to the construction of insurance policies or whether an insurance company is obligated to defend a pending negligence action in which the assured is a party. The circumstance that some grounds are alleged in the complaints in the negligence actions which would involve the insurance company in liability, is enough to call upon it to defend these actions
 
 (Doyle
 
 v.
 
 Allstate Ins. Co.,
 
 1 N Y 2d 439). The defense of the negligence actions cannot await their outcome; it must be undertaken now.
 

 The rule that an insurance company has the burden of proving such facts as will come within exclusionary clauses in an insurance policy
 
 (Wagman
 
 v.
 
 American Fidelity & Cas. Co.,
 
 304 N. Y. 490) does not require, however, that liability of the insurance company to pay whatever recoveries may be obtained, shall be adjudicated before the event discloses and establishes on what basis such recoveries are obtained. If, after trial of the negligence actions, the grounds of recovery against the assureds are uncertain, so that it cannot be determined whether the assureds have been held liable to the Weissman estate on grounds which are wholly or partially within or without the exclusionary clauses, it may well be that the insurance company will be held to have failed to have sustained the burden of proving that the loss comes within the exclusion. The pilot’s estate and the owner of the plane will not deprived of the benefit of that doctrine by the postponement of an adjudication of the liability to pay the loss until after the principal actions have been concluded.
 

 This is not the usual declaratory judgment action against an insurance company prior to the main trial, as has been stated, where the construction of the insurance policy is involved (e.g.,
 
 Post
 
 v.
 
 Metropolitan Cas. Ins. Co.,
 
 227 App. Div. 156). The courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a “ controversy ’ ’ is dependent upon the happening of future events.
 
 (Guardian Life Ins. Co. of America
 
 v.
 
 Graves,
 
 268 App. Div. 809;
 
 Maryland Cas. Co.
 
 v.
 
 Tindall,
 
 30 F. Supp. 949, affd. 117 F. 2d 905;
 
 American Fidelity & Cas. Co.
 
 v.
 
 Service Oil Co.,
 
 164 F. 2d 478.) In the last-cited case, at page 480, the court said that “ if any controversy should subsequently arise between the insured and the company as to the coverage of the policy it can be litigated as well after the conclusion of the litigation in the state court as now.”
 

 
 *593
 
 Provided that the insurance carrier is obligated immediately to pay or provide for the defense of the pending negligence actions and to reimburse the assureds for what the defense has cost them to date, their rights to be indemnified against any further loss can be protected adequately by action against the carrier based upon the nature of the liability, if any, which is actually established against them in the negligence actions.
 

 The objection taken by the insurance company is without substance that it would subject to divided loyalty any attorneys who might defend the action, in that their duty to the assureds would be to endeavor to defeat recovery on any ground, whereas their duty to the insurance company would be to defeat recovery only upon such grounds as might render the insurance company liable. If any such conflict of interest arises, as it probably will, the selection of the attorneys to represent the assureds should be made by them rather than by the insurance company, which should remain liable for the payment of the reasonable value of the services of whatever attorneys the assureds select.
 

 The order appealed from should be modified, without costs, so as to dismiss on defendants’ motion so much of the complaint as seeks declaration of defendants’ liability for any judgment which may be recovered in the principal action as premature and, as so modified, should be affirmed. The first question certified should be answered in the affirmative, viz.: ‘ ‘ Did Special Term err in denying the defendants ’ motion to dismiss the complaint herein on the grounds that it does not state facts sufficient to constitute a cause of action for a declaratory judgment?” It should be noted that “ defendants’ motion ”, to which reference is made in that question, was not noticed to dismiss the complaint in its entirety, but only “ so much of the complaint herein as requests a declaratory judgment that the accident described in the complaint was covered by the terms ” of the policies of insurance, and that 1 ‘ the defendant is obligated to pay any damages which may be awarded against the plaintiffs ” in the pending negligence actions brought by the Weissman estate. This question is construed as not calling for a dismissal of the part of the complaint asking that defendant be required to defend the actions.
 

 The second question certified should be answered in the negative, viz.: “ Did the Special Term err in denying in part plaintiffs’ cross-motion for summary judgment? ”
 

 
 *594
 
 Conway, Ch. J., Desmond, Dye, Ftjld, Froessel and Burke, JJ., concur.
 

 Order of the Appellate Division modified in accordance with the opinion herein. First question certified answered in the affirmative. Second question certified answered in the negative.