Catherine M. REYNOLDS, an infant, by Alice M. Reynolds, her Guardian ad Litem, and Alice M. Reynolds, Plaintiffs,

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY, Harold Schaffner and Nicholas A. D'Onofrio, co-partners practicing law as Schaffner and D'Onofrio, Defendants.

No. 67-Civ. 2083.

United States District Court
S. D. New York.

Nov. 17, 1967.

8.   364 U.S. 446, 81 S.Ct. 161, 5 L.Ed.2d 200 (1960).

**332**

Tobias & Vogel, Nanuet, N. Y., for plaintiffs, by Harold S. Vogel, Nanuet, N. Y., of counsel.

Hauptman & Lodato, Brooklyn, N. Y., for defendants, by Julius L. Hauptman, Brooklyn, N. Y., of counsel.

## MEMORANDUM

CROAKE, District Judge.

These are motions under Rule 56, Fed. R.Civ.P. Plaintiffs, Catherine M. Reynolds and Alice M. Reynolds, seek a judgment declaring that the attorneys now responsible for their defense should be required to interpose counterclaims on their behalf. These attorneys and Hartford Accident & Indemnity Co. (HARTFORD), which retained them, have cross-moved for summary judgment dismissing the action.

The present difficulties arise from an accident involving the plaintiffs' vehicle and a vehicle owned by Carl A. Haberstroh and being operated at the time by one Ralph Sibernagel. On or about December 30, 1966 Haberstroh and Sibernagel commenced an action in this court against Catherine M. and Alice M. Reynolds for damages resulting from injuries sustained in the collision. HARTFORD, through its attorneys, Schaffner & D'Onofrio (defendants herein), undertook the defense of that action and interposed an answer, in accordance with the terms of the insurance policy held by the present plaintiffs.

Prior to the present action but subsequent to the Haberstroh complaint an action was commenced in this court by Alice Reynolds, the daughter of Alice M. Reynolds and a passenger in the Reynolds' automobile, for injuries sustained in the accident. The claims of Catherine M. Reynolds for personal injuries and Alice M. Reynolds for medical expenses and property damage were not included in that action. The named defendants were Haberstroh and Sibernagel. HARTFORD was later added as a defendant because of the uninsured motorist provision in the Reynolds' policy, it being alleged that the Haberstroh vehicle carried no liability insurance.

The plaintiffs claim that because the injuries to Catherine M. and Alice M. Reynolds arose out of the same transaction or occurrence as Haberstroh's they are compulsory counterclaims and as such must be asserted in the Haberstroh action. The insurance contract under which the plaintiffs are now being defended warrants only the responsibility of defense and payment and does not oblige the insurance company to interpose counterclaims on behalf of the assured. Nevertheless, plaintiffs argue that the attorneys retained by HARTFORD must assert the counterclaims because if they do not, plaintiffs would be forever barred from asserting them and would be denied substantial justice.

At first blush the plaintiffs appear to have a compelling argument. However, the argument is founded on the premise that if the opposing claims are not brought in the Haberstroh action they are lost. We do not agree with this contention.

■ Some writers have claimed that the doctrine of "merger" or "bar" preclude a defendant from bringing a later

action based on a compulsory counterclaim.[1] Similar thought appears behind the reasoning of courts which have stated that failure to bring a compulsory counterclaim is "res judicata" in a later action.[2] These similar theories conceive of the counterclaim as part of the action on the original claim. If the original claim is reduced to judgment, then the counterclaim is merged in that judgment and therefore can no longer be sued upon. This explanation, while valid in describing the result in the majority of cases involving counterclaims, is too formal an approach for integration into the Rules by judicial fiat. As Professor Wright has pointed out, there are times when flexibility in the administration of Rule 13(a) is desirable. See Wright, Estoppel by Rule: The Compulsory Counterclaim Under Modern Pleading, 38 Minn.L.Rev. 423, 429–30 (1954). One circumstance where flexibility is valuable is in a case such as this where the defense is controlled by an insurance company. See, e. g., Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001 (1951).

■ This court believes that Rule 13(a) should be read as barring compulsory counterclaims on an "estoppel" or "waiver" basis. The rigidity present in the "merger" or "res judicata" views of Rule 13(a) clearly manifests itself when the insurance company's interests are adverse to its assured. If a counterclaim is considered as part and parcel of the original claim, any dismissal with prejudice or other adverse determination of the claim before interposition of the counterclaim can forever bar an injured assured from bringing an action for injuries he might have sustained. Cf. Natoli v. Deal, 196 F.Supp. 927, 929 (E.D.Pa.1961); Moore v. Deal, 203 F.Supp. 66 (E.D.Pa.1962); Moore v. Deal, 240 F.Supp. 1004 (E.D.Pa.1965). Such a result should not be mandated by the Rules which are to be construed liberally to achieve substantial justice.

■ In the present case the attorneys for the insurance company have not nor do they intend to interpose the Reynolds' counterclaims. As the attorneys in fact represent the assured's interests in but a collateral way—they are retained by the carrier and their fees and disbursements will be paid by it—the Reynolds should not be estopped by the acts of the attorneys from bringing a separate action for injuries suffered in the accident. See Barron & Holtzoff, Federal Practice & Procedure, 394.1 (Rules ed. 1958). See also General Casualty Co. of America v. Fedoff, 11 F.R.D. 177, 179 (S.D.N.Y.1951).

From a practical standpoint the maintenance of a separate action in cases of this kind seems the better idea. The insurance company has a substantial interest in the outcome of the Haberstroh action and should not be hampered in the presentation of the defense. If Rule 13(a) were viewed within a "res judicata" framework, then either the insurance company would have to bring the counterclaim—under a theory which would view the counterclaim as a necessary part of a complete defense—or the assured would be penalized because he had insurance coverage. As the insurance contract never contemplated the obligation to bring affirmative claims on behalf of its assured and the prosecution of counterclaims would no doubt entail extra expenditures on the part of the insurance carrier, to imply an obligation on its part to bring counterclaims would be manifestly unfair. By the same token, barring legitimate counterclaims of an assured simply because they are compulsory and the insurance company refuses to bring them would also be unjust. The only other alternative to those mentioned would be for two separate counsel to be present in the single action —one to conduct the defense and the other to prosecute the counterclaim. This alternative does not appear to us as feasible for the following reasons, i.

---

1. See, e. g., Scott, Collateral Estoppel By Judgment, 56 Harv.L.Rev. 1, 27 (1942).

2. See, e. g., Switzer Bros. v. Locklin, 207 F.2d 483, 488 (7th Cir. 1953).

e., possible conflict in presentation of the defense and assertion of their claims. If the actions are technically separate, they can be consolidated or severed as convenience and justice dictates, and there is the assurance that each interest is adequately represented. (See Rule 42, Fed.R.Civ.P.) [3] In arriving at this conclusion we are not unmindful of Prashker v. United States Guarantee Co., 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956). That case held that where the insured and insurer's interests become adverse, the insured should retain counsel and if the defense is conducted in a reasonable manner the insurer remains liable to indemnify in the event of an adverse determination. However, *Prashker* did not deal with counterclaims and while it establishes an acceptable format for resolution of conflicts between the insured and the insurer, it is not necessarily the only procedure available to resolve the problem which is created by Rule 13.

Plaintiffs in the present action state that the Haberstroh action is procedurally further advanced than any pending action or one which could be brought on their behalf. As such it is likely to be reached for trial sooner than the plaintiffs' case and any determination is likely to have the effect of deciding their action through the principles of collateral estoppel. This court notes that the action brought by Alice Reynolds has been consolidated with the Haberstroh action for purposes of trial. The present plaintiffs thus can move to amend the complaint in the Alice Reynolds' action to include their claims or may commence a new action and move to consolidate.

In accordance with the foregoing, the motion for a declaratory judgment sought by the plaintiffs is denied and the cross-motion of the defendants for summary judgment is granted and this case is dismissed.

So ordered.

3. "(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"(b) Separate trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any caim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."