GEORGE P. RIMAR, Respondent, v CONTINENTAL CASUALTY COMPANY, Appellant, et al., Defendants.

GEORGE P. RIMAR, Plaintiff, v CONTINENTAL CASUALTY COMPANY, Appellant, and FREDERICK J. WONNACOTT et al., Respondents.

Fourth Department, December 12, 1975

*Phelps, Gray, Mansour & Hewitt (Benjamin Hewitt* of counsel), for appellant.

*Brennan, Callahan, Tesseyman, Zelman & Runfola (Arnold Zelman* of counsel), for George P. Rimar, respondent.

*Christopher T. W. Ross* for Frederick J. Wonnacott and others, respondents.

GOLDMAN, J. In this declaratory judgment action defendant Continental Casualty Company (Continental) appeals from Special Term's orders granting the motion of plaintiff-respondent Rimar and cross motions of defendants-respondents Wonnacott, Buccieri, Johnson and Chamberlain for summary judgments. The summary judgments appealed from ordered removal of attorneys retained by Continental to represent respondents, granted respondents the right to select counsel of their own choosing and directed appellant to pay respondents reasonable attorneys' fees and expenses.

On June 3, 1970 Continental issued a policy of Accountants Professional Liability Insurance to Rimar, Wonnacott, Buccieri and Johnson as a partnership. Under paragraph "Coverage", Continental agreed "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of any act or omission of the insured * * * or any person for whose acts or omissions the insured is legally responsible, and arising out of the performance of professional services for others in the insured's capacity as an accountant or notary public and the company shall have the right and duty to defend any suit against the insured seeking such damages, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and, with the written consent of the insured, such settlement of any claim or suit as it deems expedient". Under "Exclusions", the policy was not to apply "to any dishonest, fraudulent, criminal or malicious act or omission of the in-

sured provided however, with respect to the named insured this exclusion shall not apply as respects liability arising out of any dishonest, fraudulent, criminal or malicious act of any employee of the named insured if such act is not committed with the knowledge and consent of the named insured".

In defining "Persons Insured" the policy provided that "if the named insured is designated in the declarations as a partnership, the partnership so designated and any partner or member thereof but only with respect to his liability as such" was covered by the policy. While the policy was in force an action was commenced in the United States District Court, Western District of New York, by a corporation known as Kayak Recreational Manufacturing Corporation (Kayak) against all of the respondents, individually and as partners in the accounting firm of Rimar, Wonnacott, Buccieri & Johnson. The complaint demanded $250,000 in compensatory damages and $200,000 in punitive damages suffered by virtue of defendants' alleged malpractice, fraud, gross negligence, statutory violations and other wrongdoing in the preparation, issuance, certification and rendering of certain financial statements upon which Kayak relied in the conduct of its business. Upon being served with summons and complaint in the Federal court action the respondent individuals and the alleged partnership delivered the pleadings to appellant and requested that it defend them. Continental retained a firm of attorneys who prepared and served answers on behalf of respondents as defendants. Thereafter an amended answer was served on behalf of defendants Wonnacott, Buccieri and Johnson and a separate amended answer on behalf of defendants Rimar and Chamberlain. In both answers the alleged accounting firm's status as a partnership was denied and it was further alleged that defendant Chamberlain was an employee of defendant Rimar.

Continental notified respondents that it disclaimed liability under its policy for any damages "arising from fraudulent acts or for punitive damages". Continental notified respondents by letter that "[a]s a courtesy we shall continue with your defense, subject to the understanding that we shall not be bound to any judgment rendered against you for damages arising from fraudulent acts or for punitive damages. This defense is subject to a full reservation of all of our rights under the policy and we wish it be firmly understood that we do not waive any rights under the policy and that you like-

wise do not waive any of your rights as they may appear". Upon receipt of this notification an attorney representing respondent Rimar requested Continental to permit Rimar to select his own attorney for defense of the Kayak action and gave as his reason that Continental having partially disclaimed, there existed a conflict of interest. Continental advised respondents that the law firm it retained would continue with the defense and that it was further advising that law firm "not to relay any information concerning the areas of coverage which are in dispute". Furthermore, it notified respondents that "if the insureds desire personal attorneys at their own expense" they could retain them. Respondents Wonnacott, Buccieri and Johnson served amended answers in the Kayak action through independently retained counsel, which contained cross claims against respondents Rimar and Chamberlain, claiming that these two respondents had actually performed the services alleged in the Kayak complaint.

Thereafter respondent Rimar commenced the instant declaratory judgment action seeking a declaration that Continental had violated the insurance policy in its refusal to permit Rimar to retain separate counsel and demanded that Continental be ordered to withdraw the attorneys it had retained for respondents and that it be ordered to provide reasonable fees and expenses for the attorneys Rimar selected. The remaining respondents, joined as defendants in the Rimar action, cross-claimed against Continental for relief similar to that requested by Rimar. Respondents then moved for summary judgment which was granted to each of them and from which Continental appeals in the case at bar.

Continental contends that Special Term erred in granting respondents the right to retain independent counsel and ordering appellant to pay for them; that in so doing the court went "beyond the insurance contract". This claim brings into sharp focus the scope of appellant's duty to defend under the terms of the policy. It is well settled that an insurer's obligation to defend is broader than its obligation to pay *(Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 NY 148, 154; *Downey v Merchants Mut. Ins. Co.,* 30 AD2d 171, 173). The "defendant was obligated to defend against the possibility thereof 'even if such suit is groundless, false or fraudulent' " *(Doyle v Allstate Ins. Co.,* 1 NY2d 439, 444). See, also, *Prashker v United States Guar. Co.* (1 NY2d 584); *McGroarty v Great Amer. Ins. Co.* (43 AD2d 368, 379). Continental's obligation to defend is not

avoided because some of Kayak's claims may fall within the exclusionary provisions of the policy. "This duty includes the defense of those actions in which alternative grounds are asserted, some within and others without the protection purchased" *(Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 368, mot for lv to rearg den 28 NY2d 859). The right to be furnished legal representation "is a contractural right and consideration upon which his premium is in part predicated, and this right exists even if debatable theories are alleged in the pleading against the insured" *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). Although the complaint in the Kayak suit alleges four causes of action, at least one, the cause of action for negligence, carelessness, recklessness and malpractice, is clearly covered under the terms of the policy, and others are arguably within the coverage purchased by respondents.

The question raised by the amended answers as to whether respondents are indeed a partnership does not alter appellant's obligation to defend. The definition of persons under the policy includes "the partnership so designated and any partner or member thereof" and any employee while acting within the scope of his duties. "The natural and reasonable meaning of the terms of the policy leaves no doubt that the defendant agreed to undertake the defense of such a suit as was brought against its insured" *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 326, *supra).*

Special Term's determination that there was a conflict of interest on the part of the attorneys retained by Continental is well supported by the record. Appellant insurer unequivocally asserted that it disclaimed liability as to some of the grounds for recovery claimed by Kayak and by correspondence so notified respondents. When such a conflict of interest exists the relative interests of the parties are accommodated by *Prashker v United States Guar. Co.* (1 NY2d 584, 593, *supra):* "If any such conflict of interest arises, as it probably will, the selection of the attorneys to represent the assureds should be made by them rather than by the insurance company, which should remain liable for the payment of the reasonable value of the services of whatever attorneys the assureds select". The insurer's desire to control the defense must yield to its obligation to defend the policyholder (7A Appelman, Insurance Law and Practice, Cumulative Supplement, § 4682, pp 271–272; *Utica Mut. Ins. Co. v Cherry,* 45 AD2d 350, 354).

A further justification for representation by attorneys selected by the insureds exists in the instant case by reason of the claims and cross claims of the respondents. All of them deny the existence of the partnership. Respondents Rimar and Chamberlain admit that Rimar was retained as an independent accountant to perform the services for which Kayak is suing respondents. Respondents Wonnacott, Buccieri and Johnson deny any involvement in the services rendered to Kayak. The cross claims indicate true adversity and conflict of interest among respondents in the Kayak Federal suit. Where an insurer undertakes the defense of several parties with adverse or conflicting interests there inevitably exists the risk that it cannot render all parties a fair and impartial defense *(Cornwell v Safeco Ins. Co. of Amer.,* 42 AD2d 127; 7A Appelman, Insurance Law and Practice, Cumulative Supplement, § 4687, supp, p 70). The instant case is a classical example of a situation where the insureds should be permitted to retain counsel of their own choosing whose reasonable fees and expenses should be paid by the insurance carrier.

Although the record indicates that respondent Chamberlain is a party to this appeal, we take notice that by order entered September 11, 1975 we dismissed the appeal as against him.

The orders and judgments should be affirmed.

MARSH, P. J., SIMONS, MAHONEY and DEL VECCHIO, JJ., concur.

Order and judgments unanimously affirmed, with costs.