Memorandum. The order of the Appellate Division should be affirmed.
The issue is whether appellant insurer is obligated, under the terms of the druggists’ liability insurance policy which it issued, to defend the insured druggist in a third-party action brought by one of his customers. No issue is now tendered as to the possible liability of the insurer to pay any judgment which may be recovered against the druggist in the underlying action.
The malpractice action is grounded in alleged sales of a proprietary drug to the customer at her request. It is clearly made to appear that perhaps in major part the claimant bases her theory of liability on assertions that while the druggist may have been authorized to fill the original prescription, he thereafter refilled the prescription on several occasions without written or oral authorization of the prescribing physician, in violation of subdivision 2 of section 6810 of the Education Law (cf. § 6811, subd 19). The insurer points to an express provision of the insurance policy which excludes "bodily injury or property damage caused by the willful violation of a penal statute”. If this were all, the insurer would be in a strong position to disclaim liability to defend.
Reference to the complaint in the tort action discloses, however, that the pharmacist’s liability is or may be predicated on more than prescription refills in violation of section 6810. In the first place, the complaint alleges without specificity as to dates that the refills in question occurred following the filling of the initial prescription on June 26, 1971. The pertinent interdiction of section 6810, however, did not become effective until September 1, 1971 (L 1971, ch 987). Prior to that date it does not appear that the drug sold to the customer came within the statutory ban (cf. Education Law, § 6814, prior to Sept. 1, 1971). Because the refillings complained of did not necessarily all occur after the effective date of the statute on which the insurer would rely, the policy exclusion cannot be said wholly to preclude the alleged liability.
*949 Additionally, aside from liability based on the refilling of the prescriptions, the complaint contains claims of traditional negligence or malpractice and as well asserts liability arising from alleged failure to inform or warn the customer.
As we have said, "While policy coverage such as the one here involved is often referred to as 'liability insurance’, it is clear that it is, in fact, 'litigation insurance’ as well.” (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326.) So long as the claims, even though predicated on debatable or even untenable theory, may rationally be said to fall within policy coverage, whatever may later prove to be the limits of the insurer’s responsibility to pay, there is no doubt that it is obligated to defend (cf. Prashker v United States Guar. Co., 1 NY2d 584).
On the cross appeal it was not error to deny the insured’s request for an allowance for attorneys’ fees.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg ánd Cooke concur.
Order affirmed, without costs, in a memorandum.