## FOURTH DEPARTMENT, MARCH, 1978

### (March 1, 1978)

■ PENN ALUMINUM, INC., Respondent, v AETNA CASUALTY AND SURETY COMPANY et al., Appellants, et al., Defendants.—Judgment modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Special Term properly held that Aetna owes a duty to defend Penn Aluminum in the third-party action commenced by Sears. The obligation of an insurance company to defend its named insured is separate and distinct from its obligation to pay. Only when it can be concluded as a matter of law that there is no basis upon which the insurance company might be obligated to indemnify the named insured under any provisions of the policy is the insurance company relieved from its duty to defend *(Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876–877; *Utica Mut. Ins. Co. v Cherry,* 38 NY2d 735, 737; *Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69, 74). The main action was commenced by plaintiffs against Sears alleging two causes of action, one in negligence and the other for breach of warranty, seeking $630 for damages to plaintiff's residence and an awning which they purchased from Sears. Considering both causes of action we find that the damages alleged are not unequivocally excluded from coverage by the terms of the policy, hence Aetna must perform its contractual duty to defend. Further, we agree with Special Term that under the circumstances present, due to the competing interests of the insurer, (Aetna), the named insured (Penn) and the additional insured (Sears) the law firm of Brown, Kelly, Turner, Hassett & Leach retained by Aetna has a conflict of interest in representing Sears. Even though Sears does not object to Brown, Kelly continuing as its counsel, because of the interwoven and competing interests of Penn Aluminum, Aetna and Sears and because Brown, Kelly was retained by Aetna to represent Sears pursuant to a contract of insurance sold by Aetna to Penn Aluminum, there is an appearance of collusive activity against the named insured, Penn Aluminum whom Aetna has an obligation to defend. Clearly, Aetna has divided loyalties among its own interests, its named insured and Sears. Under these circumstances Aetna should not choose counsel for either the named insured or the additional insured. Were

liability found to exist against Sears in the main action, Sears would seek to be indemnified by Penn Aluminum. On the other hand, Aetna's own interests would be served by having the damages fall within an exclusion of the policy. Evidence of conflicting interests is found in the fact that Brown, Kelly has only sought, in the third-party action it brought on behalf of Sears, the sum of $600, i.e., the precise amount that Aetna claims is excluded, instead of the full $630 damages sought in the main action. Inasmuch as Brown, Kelly was retained by Aetna to represent Sears, and Aetna and Sears do not have a common purpose in this litigation, Brown, Kelly should not represent Sears. (see *Cardinale v Golinello,* 43 NY2d 288.) The insurer's desire to control the defense must yield to its obligations to defend the insured. In the present case divided loyalties are apparent and both insureds must have the right to obtain counsel of their own choice to be paid by Aetna (see *Prashker v United States Guar. Co.,* 1 NY2d 584, 593; *Rimar v Continental Cas. Co.,* 50 AD2d 169, 173–174). However, we cannot agree with Special Term that Penn Aluminum is entitled to attorney fees for bringing this declaratory action to determine the insurance coverage. While an insured may be awarded attorney fees in defense of a declaratory judgment *(Johnson v General Mut. Ins. Co.,* 24 NY2d 42, 50; *Hurney v Mattson,* 59 AD2d 934), it is well settled that an insured may not be awarded attorney fees incurred in the prosecution of a declaratory action against the insurer to determine coverage *(Grimsey v Lawyers Tit. Ins. Corp.,* 31 NY2d 953; *Doyle v Allstate Ins. Co.,* 1 NY2d 439, 444; *Padavan v Clemente,* 43 AD2d 729). All concur, Hancock, Jr., J., in the following memorandum: We have held that Brown, Kelly should not continue to represent Sears as a defendant and third-party plaintiff in the main action. I agree with this determination, but only because Brown, Kelly is representing and will continue to represent Aetna in the separate declaratory judgment action brought by Penn Aluminum which is before us. (See *Hartford Fire Ins. Co. v Masternak,* 55 AD2d 472.) Were it not for this dual representation in the litigation, I would see no basis for the holding. Sears has made no objection to the representation and, indeed, has requested Brown, Kelly as its counsel to commence the third-party action on its behalf. Penn Aluminum's interests on the trial will be fully protected by attorneys of its own choosing, responsible solely to it, who will be compensated by Aetna. *Prashker v United States Guar. Co.* (1 NY2d 584) and *Rimar v Continental Cas. Co.* (50 AD2d 169) are cases in which the insured defendant, unlike Sears in the case here, has objected to representation by attorneys chosen by the insurer. (Appeal from judgment of Erie Supreme Court—declaratory judgment.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr. and Witmer, JJ.