■ MERSLEY JONES et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK et al., Defendants, and BANKERS TRUST COMPANY, Respondent.—In an action, *inter alia,* to recover damages for trespass, harassment and wrongful termination of electrical service, and to cancel a mortgage, plaintiffs appeal from an order of the Supreme Court, Kings County, dated March 26, 1979, which granted defendant Bankers Trust Company's motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint as to it and denied plaintiffs' cross motion for summary judgment. (The notice of appeal is amended to reflect the correct date of the order appealed from. See CPLR 5520, subd [c].) Order affirmed, without costs or disbursements. This action and all relief sought is the product of a dispute between plaintiffs and Consolidated Edison Company of New York over the alleged improper installation of an electrical meter. Based upon the allegations set forth in the complaint and the affidavits of the parties in support of the motions, it is clear that Special Term properly dismissed the seventh cause of action, the only one involving defendant Bankers Trust. Bankers Trust the mortgagee, did not violate the terms of the mortgage agreement by refusing to join this action as a coplaintiff. Moreover, plaintiffs' grievances with defendants Consolidated Edison, Merola and Niles are capable of complete adjudication without Bankers Trust being a party to this action. (See Transportation Corporation Law, § 12; Public Service Law, § 67; CPLR art 78.) Plaintiffs' contention that Bankers Trust as a mortgagee is a necessary party as there exists the possibility of an uninsured electrical fire is specious. This court will not make Bankers Trust a party to an action based on a future hypothetical controversy. (See *Prashker v United States Guar. Co.,* 1 NY2d 584, 591.) The remedies sought by plaintiffs do not require Bankers Trust for complete resolution. Nor would any possible judgment on plaintiffs' present action inequitably affect the mortgagee's interests. (See *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 125.) Based upon the foregoing reasons, the order must be affirmed. Mollen, P. J., Titone, Mangano and Weinstein, JJ., concur.