[622 NYS2d 13]

69TH STREET AND 2ND AVENUE GARAGE ASSOCIATES, L.P., Appellant, v TICOR TITLE GUARANTEE COMPANY, Respondent.

First Department, January 26, 1995

### APPEARANCES OF COUNSEL

*Richard L. Claman* of counsel *(Seiden Stempel & Bennett,* attorneys), for appellant.

*Ira Levine* of counsel *(Samuel Kirschenbaum* with him on the brief; *Kirschenbaum & Kirschenbaum,* attorneys), for respondent.

### OPINION OF THE COURT

NARDELLI, J.

Plaintiff 69th Street and 2nd Avenue Garage Associates, L.P. (hereinafter plaintiff or Garage Associates) in 1987 acquired for one million dollars the garage property of a building that had gone to a combination of condominium, cooperative, and fee simple ownership (hereinafter called the cond-op). In December 1987 it purchased a title insurance policy from defendant Ticor Title Guarantee Company (hereinafter defendant or Ticor) in the amount of one million dollars. On November 7, 1991, shareholders and unit owners of the cond-op notified Garage Associates that they had voted to terminate Garage Associates' ownership in the garage unit pursuant to the Condominium and Cooperative Abuse Relief Act of 1980 (the Act; 15 USC § 3601). Garage Associates, with an interest not only in its title but in its continuing business, the retention of its employees, and the need to refinance its acquisition on the expiration of its mortgage on July 1, 1994, opted to seek a declaratory judgment in the Federal court that the Act did not apply with respect to this property. Expedited briefing and argument were granted, and by decision dated February 27, 1992, the Federal court granted summary judgment to Garage Associates and declared that the Act did not apply in the cond-op situation, where the sponsor had from the beginning set aside the garage area as a separate condominium unit and retained it until its sale to Garage Associates.

Garage Associates had by letter dated November 27, 1991, given notice to Ticor of the claim of the cond-op and of its initiation of the action in the Federal court. There was, however, a divergence in the interests of the insured and the

insurer. As noted, loss of possession would cause disruptions and damage to Garage Associates which would not be recompensed by a subsequent return of the property. Ticor's interest, however, was solely in the title, with the possibility that even there its exposure would be reduced by the reduction of Garage Associates' equity interest consequent to the fall of property values. Ticor offered a defense of the cond-op's claim only on the condition that the policyholder, Garage Associates, turn over control of the matter to it. Ticor's counsel, Kirschenbaum & Kirschenbaum, forwarded a substitution of counsel form to Garage Associates' counsel, which that counsel refused to sign. Garage Associates conveyed to Samuel Kirschenbaum its willingness that his firm should be lead counsel, but Ticor insisted that it turn the entire matter over to Mr. Kirschenbaum's office, stating that there could be only one counsel. Mr. Kirschenbaum was a former member of the board of directors of Ticor.

The motion court recognized that, where there is a conflict of interests between an insurance company and its insured, the insured has the right to independent counsel *(Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 401) and implicitly that such counsel may be of the insured's choosing, with reasonable fees paid by the insurer *(supra,* at 401). Indeed, the law is clear that where a conflict of interest is probable, selection of attorneys to represent the insured should be made by the insured rather than by the insurance company, which should remain liable for reasonable fees *(Prashker v United States Guar. Co.,* 1 NY2d 584, 593; *see, 225 E. 57th St. Owners v Greater N. Y. Mut. Ins. Co.,* 187 AD2d 360, 360-361). The motion court concluded, however, that no conflict of interest existed between the plaintiff and the title insurance company, both having "the same united controlling interest, *i.e.,* to vigorously defend against the adverse title claim." This, of course, reflects misunderstanding of the law as expressed in *Goldfarb (supra), Prashker (supra)* and *225 E. 57th St. Owners (supra).* In practically all, if not in all cases, the insured and the insurer will have a common interest in defeating the claim made against the insured. What changed the rights of the insurer and the insured in those cases were the conflicts arising from their *divergent* interests, in how they would prefer to go about defeating such claims. The interests of Garage Associates and Ticor diverged seriously here, though each wished to defeat the claim of the cond-op. Ticor, having insured the title of a heavily mortgaged property, could pro-

ceed leisurely. Garage Associates needed a quicker resolution to keep open the possibility of refinancing, to retain customers and employees, and to stay in business. There was a crucial conflict of interests between them, and Garage Associates had the right to its own attorneys. Ticor, however, insisted the entire matter be turned over to Mr. Kirschenbaum's office and that "[t]here can be only one counsel." Mr. Kirschenbaum believed that the action in the Federal court should be discontinued and stated that *he* would make a final determination on that question. His disregard for the wishes and interests of Garage Associates illustrates the need for the doctrine set forth in *Goldfarb (supra), Prashker (supra)* and *225 E. 57th St. Owners (supra)*. Because of the conflict of interests here, Ticor was required to provide for Garage Associates—or here merely accept—a counsel of Garage Associates' own choosing. It did not do so and thus breached its contract. Garage Associates' proceeding on its own was, consequently, justified, as was any reasonable payment to preclude further proceedings after its favorable decision in the Federal court. Ticor relies on section 2 (b) of the title insurance policy, which provides that it shall have the right to maintain or defend any action or proceeding relating to the title insured. That provision, however, is overridden by the rights guaranteed to an insured under the law of this State when there is a conflict of interest between the insurance company and the insured *(see, Public Serv. Mut. Ins. Co. v Goldfarb, supra; Prashker v United States Guar. Co., supra; 225 E. 57th St. Owners v Greater N. Y. Mut. Ins. Co., supra)*.

Accordingly, the judgment of the Supreme Court, New York County (Burton S. Sherman, J.), entered on or about August 11, 1993, which, *inter alia,* granted defendant Ticor's cross motion for summary judgment, should be unanimously reversed, on the law, with costs and disbursements, defendant Ticor's cross motion for summary judgment dismissing the complaint should be denied, the complaint reinstated, and plaintiff's motion for partial summary judgment as to liability granted; defendant Ticor having breached its obligation to provide plaintiff with a proper defense, plaintiff should be entitled to recoup all the damages it incurred by reason of such breach, including its reasonable attorneys' fees in defending the title claim and its costs in settling the title claim; the matter should be remanded to the Supreme Court for further proceedings not inconsistent herewith.

MURPHY, P. J., ELLERIN and KUPFERMAN, JJ., concur.

Judgment, Supreme Court, New York County, entered on or about August 11, 1993, reversed, on the law, with costs and disbursements, defendant Ticor's cross motion for summary judgment dismissing the complaint denied, the complaint reinstated, and plaintiff's motion for partial summary judgment as to liability granted; defendant Ticor having breached its obligation to provide plaintiff with a proper defense, plaintiff is entitled to recoup all the damages it incurred by reason of such breach, including its reasonable attorneys' fees in defending the title claim and its costs in settling the title claim; the matter is remanded to the Supreme Court for further proceedings not inconsistent with the opinion herein.