■ Donna Steinman, Plaintiff, v Irwin Silbowitz, Respondent. Empire Insurance Company et al., Nonparty Appellants. [714 NYS2d 209] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about March 22, 2000, which granted defendant's motion to discharge his insurer-assigned trial counsel, authorized defendant's retention of counsel of his choice, and directed defendant's insurer to pay the reasonable costs of retaining such counsel, unanimously reversed, on the law, without costs, and the motion denied.

Contrary to the conclusion reached by Supreme Court, we perceive no conflict of interest necessitating a substitution of counsel. As a general rule, "[i]ndependent counsel is only necessary in cases where the defense attorney's duty to the insured would require that he defeat liability on any ground and his duty to the insurer would require that he defeat liability only upon grounds which would render the insurer liable" (*Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401, n). In this action, both defendant and his insurer share a single, common interest in defeating the claim made against defendant. Hence, there is no conflict of interest. To the extent that defendant and his trial counsel may have certain disagreements regarding trial or settlement strategy, this, without more, is insufficient to warrant the relief requested (*see, Public Serv. Mut. Ins. Co. v Goldfarb, supra; 69th St. & 2nd Ave. Garage Assocs. v Ticor Tit. Guar. Co.*, 207 AD2d 225, *lv denied* 87 NY2d 802). Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.