OPINION OF THE COURT
Eugene M. Fahey, J.
At issue before this court is the proposal of defendant Praxair, and its carrier Allianz, to substitute counsel for defendant Genex pursuant to an indemnification agreement.
Procedural History
Plaintiff, Michael C. Ottaviano, commenced this action for injuries he received on December 19, 1998, when a tank he was filling with liquid nitrogen ruptured and he was severely injured. Three third-party actions by defendants Genex and MVE then followed.
As to the third-party action brought by defendant, Genex Cooperative, Inc., against third-party defendant, Praxair, based on theories of contractual and common-law indemnification, summary judgment was granted to Genex, pursuant to an indemnification provision in a product supply agreement executed in June 1992. A decision of this court was upheld in Ottaviano v Genex Coop. (305 AD2d 1010 [4th Dept 2003]).
Defendant Genex has moved for contempt and sanctions against third-party defendant Praxair, Praxair’s excess insurer, Allianz Insurance Company, and Praxair and Allianz’s counsel, Andrews and Reed Smith, a motion which was denied at Special Term. Proposed counsel for Genex, Reed Smith, cross-moved to substitute itself as counsel for Genex and to disqualify Genex’s current counsel, Ford Marrin. Proposed counsel for Genex, Reed Smith, also cross-moved to amend Genex’s answer to assert cross claims against Genex, formerly known as 21st Century Genetics Cooperative, Inc.
Defendant Genex cross-moved against proposed counsel, Reed Smith, for sanctions and costs for legally frivolous conduct pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR).
All remaining cross motions are now denied.
The complaint in the main action in these proceedings was commenced on March 18, 1999 and named Genex, MVE, Union *1026 Carbide, and AMKO as defendants. That complaint was amended on December 6, 1999 to add Genex as a defendant, formerly known as 21st Century Genetics Cooperative. On the record, it appears that Genex and 21st Century were separate entities at the time of the accident, but that 21st Century merged into Genex on April 1, 1999.
Defendant Praxair, and its insurer, Allianz, resisted Praxair’s duty to indemnify Genex from the commencement of the main action in early 1999 through the denial of their motion for leave to appeal by the Court of Appeals on September 16, 2003, a period of some 41/2 years.
Subsequent to this decision, Allianz, the insurer of defendant Praxair, then proposed to dismiss defendant Genex’s counsel, Ford Marrin, and have the firm of Reed Smith take over the defense of defendant Genex.
By letter dated November 20, 2003 to counsel for Genex, Ford Marrin, proposed counsel for Genex, Reed Smith, stated:
“As you know, as a result of Genex’s contractual indemnity claim asserted against Praxair, Praxair has been ordered by the court to provide a defense and indemnity to Genex for the negligence claims asserted . . . Accordingly, I have been retained by Allianz Insurance Company (‘AIC’), one of Praxair’s insurers, to defend against Genex’s alleged negligence which might now be covered by AIC’s policy issued to Praxair . . . My representation of Genex is, of course, without prejudice and subject to any and all defenses that counsel for Praxair and/or its insurers have asserted and/or might elect to assert in connection with Genex’s contractual indemnity claim against Praxair to the extent that AIC’s policy issued to Praxair might, in light of the court’s aforementioned ruling, now provide coverage for Genex’s alleged negligence in this matter, I will be defending Genex” (Tricarico affirmation, Dec. 2, 2003, exhibit J).
The letter then went on to assert that Ford Marrin might have a conflict of interest preventing it from representing either Genex or 21st Century in the action, and asked for a detailed explanation of its conduct.
By letter dated November 20, 2003, Ford Marrin objected to the assertion of representation by Reed Smith.
“[N] either this firm or Genex have agreed to your *1027 substitution. In fact we have been advised that Genex and its insurer will never agree to Praxair’s assumption and control of Genex’s defense. Praxair’s obligation to indemnify and hold Genex harmless is a matter of private contract between the two companies. That contract does not give Praxair (or Praxair’s insurer) any right to control Genex’s defense or to select Genex’s counsel” (Tricarico affirmation, Dec. 2, 2003, exhibit K).
Lawrence T. Romuald, chief financial officer for Cooperative Resources International, Inc., the cooperate parent of defendant Genex, has stated that he approved the selection and retention of Ford Marrin in 2000, that he had no intention of replacing them, that he had had no contact with anyone at Reed Smith, had never approved their appearance in the case, and regarded their actions as an attempt to hijack Genex’s defense (Romuald affidavit in opposition).
Conclusions of Law
Proposed counsel, Reed Smith, cites three New York cases, Mount Vernon Fire Ins. Co. v J.J.C. Stucco & Carpentry Corp. (1997 WL 177864, 1997 US Dist LEXIS 21690 [ED NY, Apr. 3, 1997]), M&M Elec. v Commercial Union Ins. Co. (241 AD2d 58 [2d Dept 1998]), and Parker v Agricultural Ins. Co. (109 Misc 2d 678 [NY County 1981]), for the normal or general rule that when an insurer has a duty to defend an insurer, it also has the right to control the litigation and select the counsel it wishes to handle the defense.
But both Mount Vernon (supra) and Parker (supra) also raise the exception to the general rule.
“In some cases, however, if the interests of the insured party conflict with those of the insurer, under New York law, the right to select counsel shifts to the insured party. Prashker v U.S. Guar. Co., 1 NY2d 584, 154 N.Y.S.2d 910, 917, 136 NE2d 871 (N.Y.Ct.App. 1956 [1956]); Parker, 440 N.Y.S.2d at 967. A conflict exists between an insured’s interests and an insurer’s interests if, for example, an exclusion clause operates to exempt some of the insured’s potential liability from the insurance coverage. In such a case, the insurer’s interest in minimizing its insured’s covered liabilities conflicts with the insured’s interest in minimizing all its liabilities.” (Mount Vernon, 1997 WL 177864, *4,1997 *1028 US Dist LEXIS 21690, *11.)
“However, in situations where conflict of interest and loyalties are apparent, ‘The insurer’s desire to control the defense must yield to its obligations to defend the insured’. (Penn Aluminum v Aetna Cas. & Sur. Co., 61 AD2d 1119, 1120.) In such cases, the insured has the right to obtain counsel of its own choice to be paid for by the insurance company. (Hartford Acc. & Ind. Co. v Village of Hempstead, 48 NY21d 218, supra; Utica Mut. Ins. Co. v Cherry, 45 AD2d 350, supra; Prashker v United States Guar. Co., 1 NY2d 584; Penn Aluminum v Aetna Cas. & Sur. Co., supra; Rimar v Continental Cas. Co., 50 AD2d 169.)” (Parker, supra at 681-682.)
The court is persuaded that, under New York law, there are two bases for concluding that a conflict of interest exists here.
First is the problem of conflict between insurer and insured.
The complaint lodges a claim against defendant Genex for its own activities, which this court and the Appellate Division have concluded is Praxair’s responsibility, and therefore Allianz’s under the policy coverage. The complaint also lodges a claim against Genex as the successor in interest to 21st Century, which is covered by a policy issued by CNA. Such a scenario presents a similar problem to that in Harbin v Assurance Co. of Am. (308 F2d 748, 749 [10th Cir 1962]), where the insurer provides coverage for certain activity and does not provide coverage for other activity:
“[The insurer] cannot possibly defend the ... action and protect both its own interests and the interests of its insureds. If it tries to exculpate itself by showing an intentional injury, it exposes the insured to a greater liability and a possible award of exemplary damages. If it urges an unintentional injury, it foregoes the exclusionary provision of the policy. In such circumstances the control of the defense by the insurer carries with it the potential of prejudice to the insureds.”
The New York State Court of Appeals has also addressed the issue.
“Independent counsel is only necessary in cases where the defense attorney’s duty to the insured would require that he defeat liability on any ground and his duty to the insurer would require that he defeat liability only upon grounds which would *1029 render the insurer liable. When such a conflict is apparent, the insured must be free to choose his own counsel” (Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 401 n [1981] [emphasis added]).
In this case, where the first act of proposed counsel for Genex is to move for an amendment of the complaint to add a cross claim by Genex against Genex as a successor in interest, the conflict between Allianz and its additional insured Genex and its other insurer, CNA, is crystal clear. Under such circumstances, the insurer’s desire to control the defense must yield to its obligation to defend the policyholder (7A Appleman, Insurance Law and Practice § 4682, 1974 Cum Supp, at 271-272; Rimar v Continental Cas. Co., 50 AD2d 169 [4th Dept 1975]).
Secondly, there may be a conflict where more than one defendant is represented by the insurer (see 22 Holmes’ Appleman on Insurance 2d § 136.9 [B]).
The court notes that third-party defendant Praxair has already asserted that defendant Genex was grossly negligent relative to plaintiff Ottaviano’s injuries. Praxair remains in these proceedings as a third-party defendant. Praxair, and therefore Allianz, also remain interested in asserting that Genex is liable as a successor in interest to 21st Century.
These elements all raise profound questions about how counsel for Allianz can possibly be loyal to both Praxair and Genex. Under New York law, there can be but one resolution: that after all these years, the insured is entitled to keep its own counsel, whose reasonable fees are to be paid by the insured (see Emons Indus., Inc. v Liberty Mut. Ins. Co., 749 F Supp 1289 [SD NY 1990]; Hartford Acc. & Indem. Co. v Village of Hempstead, 48 NY2d 218 [1979]; Prashker v United States Guar. Co., 1 NY2d 584 [1956]; Penn Aluminum v Aetna Cas. & Sur. Co., 61 AD2d 1119 [1978]).
The court is persuaded that the same result is mandated under Connecticut law, although no Connecticut case is precisely on point (see Annotation, Duty of Insurer to Pay for Independent Counsel When Conflict of Interest Exists Between Insured and Insurer, 50 ALR4th 932-959; Monteleone, Employment Practices Liability Insurance [EPLI] Policies: Who Controls Selection of Defense Counsel, 18 W New Eng L Rev 159-177).
The various Connecticut cases cited by proposed counsel, Reed Smith, generally involve questions of notice and waiver and are not on point as to the question of conflict. It need not be reiterated that the general rule concerning the insurer’s right to select counsel is not before the court here.
*1030 In this regard, the best guide to Connecticut law is Aetna Life & Cas. Co. v Gentile (1995 WL 779102, *6, 1995 Conn Super LEXIS 3444, *16 [Conn Super, Dec. 12, 1995]), which states:
“Where an insurer perceives a conflict of interest between itself and its insured prior to or during the course of a trial it is customary, legally appropriate, and often legally necessary for the insurer to provide independent counsel to the insured so as to not jeopardize the insured’s rights under the terms of the contract. Viewed in this additional light, it is appropriate that the insurer furnish to the insured a defense or reimburse to the insured the cost of defense of this declaratory judgment action which it thrust upon the insured.” (Emphasis added.)
Connecticut law therefore recognizes that there must be an exception to the general rule if there is a conflict between insurer and insured, and that the remedy is independent counsel.
As to the apparent suggestion of proposed counsel, Reed Smith, that defendant Genex’s representation be broken in two pursuant to potentially divergent interests of the insurer Allianz and Genex’s original insurer, CNA, there is no precedent to imposing this burden on any insured. The rights and interests of entity Genex are not subservient to any rights or interests of the insurer. Rather, it is Genex’s rights and interests that are paramount here.
“[T]here is no authority for a defendant to have more than one attorney of record. Such procedure would substantially affect the rights of the plaintiffs as well as create chaos in the courts. A defendant could serve inconsistent answers, make duplicate motions or even stipulations to which he might or might not be bound” (Jackson v Trapier, 42 Misc 2d 139, 141 [1964]).
The court can add another chaotic effect to those noted by Justice Tessler above: that a defendant would seek leave to add a cross claim against itself. But splitting up Genex to convenience the insurer is not an option here.
Chemprene, Inc. v X-Tyal Intl. Corp. (55 NY2d 900 [1982]), cited by proposed counsel, Reed Smith, involved a plaintiff who sued to recover money due for the sale of goods, where a series of counterclaims unrelated to the original claim were brought, and the plaintiffs carrier then appointed counsel to defend the counterclaims, without objection by plaintiff. The decision by *1031 the trial court not to disturb the plaintiffs representation was ultimately upheld. The Appellate Division dissent by the learned Justice Leon Lazer (Chemprene, 78 AD2d 668, 669 [1980]), relied upon by the Court of Appeals, emphasized that it was “the defendant who made the decision to turn plaintiffs action against it into a forum for the disposition of an entirely separate claim.”
Such particular circumstances are not present here. But, as in Chemprene (supra), the problem is not of this party’s making, and its representation ought not be disturbed.
The court is persuaded that over the course of the last four years the insurer Allianz has undertaken a particular course. If there be prejudice to Allianz as a result, it is of its making. There can be no recourse to the alternative, which is imposing a prejudice not of its making on the insured.
Proposed counsel for Genex, Reed Smith’s cross motion to substitute itself as counsel for Genex, and to disqualify current counsel for Genex, Ford Marrin, is denied.
Proposed counsel for Genex, Reed Smith’s cross motion to amend Cenex’s answer to assert counterclaims against Genex, formerly known as 21st Century Genetics Cooperative, Inc., is denied.
Defendant Cenex’s cross motion against proposed counsel, Reed Smith, for sanctions and costs is denied.