■ NATIONAL CITY BANK, Appellant-Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent-Appellant, et al., Defendants. [775 NYS2d 679]—

Appeal and cross appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 10, 2003. The judgment granted the motion of defendant New York Central Mutual Fire Insurance Company for summary judgment in part and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, National City Bank (National), commenced this action seeking a declaration that defendant New York Central Mutual Fire Insurance Company (New York Central) is obligated not only to defend National, as owner of a vehicle, in an underlying action arising out of a traffic accident but also to hire separate counsel for National, distinct from the counsel hired to defend the driver and lessee of the motor vehicle involved in the accident. Supreme Court properly granted New York Central's motion for summary judgment in part, denied National's cross motion for summary judgment and declared, inter alia, that New York Central is not required to hire separate counsel for National.

New York Central issued a policy to defendant Susan B. Schwartz, the lessee of the vehicle that Schwartz, on the day of

the accident, had allowed defendant Terri O. Goldberg to drive. While Goldberg was driving, the vehicle collided with one driven by Joel M. Morgan, the plaintiff in the underlying action. Under the lease between Schwartz and National, Schwartz was required to procure an insurance policy with minimum coverage of $100,000 per person and $300,000 per incident. The policy Schwartz obtained exceeded the required coverage. National, covered as an additional insured per the lease agreement and the policy, sought to have New York Central provide a separate lawyer not only to defend National in the underlying action, but also to prosecute cross claims against Schwartz and Goldberg for conditional indemnification.

We agree with New York Central that a unified defense was properly offered in accordance with the policy. The three defendants have a unified interest in the defense of the underlying action. The assertion of cross claims for indemnification in the underlying action was a choice National made out of preference, not legal necessity (*see Prashker v United States Guar. Co.*, 1 NY2d 584, 592 [1956]). In any event, where, as here, an insurer fulfills its duty under the policy to provide a defense for an insured, hiring separate counsel to pursue an insured's affirmative cross claims is the insured's responsibility (*see Goldberg v American Home Assur. Co.*, 80 AD2d 409, 412 [1981]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.