■ CONTINENTAL TIME CORPORATION, Respondent, v NATIONAL BROADCASTING COMPANY, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered September 28, 1978, unanimously reversed to the extent appealed from, on the law, and defendant-appellant National Broadcasting Company's (NBC) motion to dismiss the complaint granted without prejudice to application by plaintiff-respondent at Special Term for permission to replead (CPLR 3211, subd [e]) if so advised, with costs. The suit asserts that defendant-appellant breached a contract made with plaintiff. We find no actionable agreement whatever between the parties to this appeal. This is demonstrated in a brief recital of the suit's background. In 1973 defendant Boys' Clubs of America, a nonappellant, authorized NBC to create, develop and market products relating to the Boys' Clubs, of the proceeds of which the clubs were to receive a percentage. In 1975, NBC delivered a copy of this contract to plaintiff, demonstrating its authority to act on behalf of the venture, and licensed, in writing, plaintiff to manufacture and market the described products, with resultant royalties to be paid. The latter writing was the sole agreement between the parties to this appeal, as is evidenced by a standard merger clause. Further, the contract was completely performed by grant of the license contained therein; this was its only function, there being no covenants for NBC to do anything else, and there being no recital whatever of any duty owed plaintiff by NBC. Special Term found a so-called tripartite agreement: "If the Boy's Club franchise agreement with NBC mandated any obligation on NBC, then Continental may have had the right to rely on such obligation, and possibly did rely on such obligation." We are adverted to nothing in either of NBC's agreements with either defendant or defendant-appellant which provides a basis for this statement. It is possible—we do not here pass upon such a possibility—that plaintiff may have a cause based on factors not before us, and, if so advised, it may apply at Special Term to plead over accordingly. Concur—Sandler, J. P., Sullivan, Markewich and Silverman, JJ.

■ DAVID FIGUEROA, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—Judgment, Supreme Court, Bronx County, entered May 23, 1978, unanimously reversed, on the law and on the facts, and a new trial directed on the issue of damages only, without costs or disbursements, unless plaintiff, within 20 days after service upon him of a copy of the order herein with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $65,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs or disbursements. The damages proven by plaintiff warranted a verdict no greater than the amount specified above to which his recovery should be limited. The court finds no other points meriting disturbance of the judgment. Concur—Sullivan, J. P., Bloom, Lane, Markewich and Silverman, JJ.