AMERICAN HOME ASSURANCE COMPANY et al., Respondents, v FLUSHING SAVINGS BANK et al., Defendants, and SACKMAN-GILLILAND CORPORATION, Appellant. (And a Third-Party Action.)

First Department, May 17, 1979

### APPEARANCES OF COUNSEL

*David B. Eizenman* of counsel *(Theodore S. Green* with him on the briefs; *Moses & Singer,* attorneys), for appellant.

*Jay Greenfield (Stephen D. D. Hamilton* with him on the briefs; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondents.

### OPINION OF THE COURT

KUPFERMAN, J.

Defendant-appellant Sackman-Gilliland Corporation ("Sackman") was the mortgagee of a parcel of land in Suffolk County upon which there is a sewage treatment plant. The Parr Company of Suffolk ("Parr Co.") owned the plant property, and its affiliated corporation, Parr Meadows Racing Association, Inc. ("Parr Meadows") owned the adjacent property which it desired to use as a racetrack. These corporations are not parties to this action, although their principals, Alfred J. Parr and Ronald J. Parr ("Parr") are defendants.

The sewage plant property was subject to an easement in favor of the racetrack property, permitting discharge of sewage from the racetrack into the sewage treatment plant.

In early 1976, Sackman brought an action to foreclose the mortgage on the plant property against Parr Co. as mortgagor and the Parrs individually as guarantors. After answer, Sackman moved for summary judgment. While the motion was pending, Sackman was requested by Parr Meadows to subordinate its mortgage to the easement in order to facilitate negotiations for financing construction of the racetrack. Accordingly, a letter agreement was entered into dated August 25, 1976, pursuant to which the Parr defendants agreed to withdraw their answer in the mortgage foreclosure proceed-

ing, and Sackman executed a "non-disturbance" agreement, in which Sackman recognized the rights of the owners of the racetrack parcel to the continued uninterrupted use of the sewage disposal plant and the easement.

Thereafter, the defendants Lincoln Savings Bank and Flushing Savings Bank and others agreed to provide a construction loan and permanent financing in the amount of $14,000,000 for the racetrack. The plaintiffs, insurance companies, guaranteed repayment of $4,000,000 of the construction loan.

While Sackman's motion for summary judgment in the mortgage foreclosure proceeding was still pending in November, 1976, the Parr defendants moved to be relieved of their stipulation to withdraw their answer in that proceeding. The motion was denied, and an appeal to the Appellate Division, Second Department, was dismissed in September, 1977, for failure to perfect the appeal *(Sackman-Gilliland Corp. v Parr Co.,* NYLJ, Sept. 27, 1977, p 11, col 1).

Sackman renounced the "non-disturbance" agreement on the ground that the Parr defendants' motion constituted a breach of the letter agreement arranging for it. Thereafter, plaintiffs moved to intervene in the forclosure proceeding to protect the easement, because they had the $4,000,000 commitment in connection with the racetrack property, and the sewage plant easement was important with respect thereto. While the mortgage foreclosure proceeding was still pending, Lincoln Savings Bank refused to close the permanent loan and indicated, among many other reasons therefor, that Sackman's renunciation of the "non-disturbance" agreement causes a defect in the title to the easement appurtenant to the racetrack parcel.

The plaintiffs then commenced the present declaratory judgment action against various of the participants, including defendant-appellant Sackman, and it was subsequently consolidated with two other actions brought by the Flushing Savings Bank against these insurance company plaintiffs and the Lincoln Savings Bank.

Sackman moved to dismiss the declaratory action on the ground that it was under no liability to the plaintiffs, and the motion was denied on the possibility that the plaintiffs were third-party beneficiaries of the "non-disturbance" agreement.

It is the contention of the plaintiffs that the whole matter should be resolved in one litigation, and that if Sackman were

dismissed, it would, at some later stage, have to be brought back into the picture.

We are of the view that the motion should have been granted. Plaintiffs have shown no wrongful acts on the part of Sackman, and there is no existing justiciable dispute between the plaintiffs and Sackman. *(Prashker v United States Guar. Co.,* 1 NY2d 584.)

The "non-disturbance" agreement did not run from Sackman to the plaintiffs (see *Continental Time Corp. v National Broadcasting Co.,* 70 AD2d 502), nor was there any agreement that Sackman would be bound by it under any and all circumstances.

Accordingly, the order of the Supreme Court, New York County (BLOOM, J.), entered February 14, 1978, which denied the motion of defendant Sackman to dismiss, as to that defendant only, the complaint seeking a declaratory judgment, should be reversed, on the law, and the motion should be granted and the complaint dismissed, with costs. The appeal by Sackman from the order of March 31, 1978, to the extent it granted plaintiffs' motion to amend the original decision, should be dismissed as moot, and, to the extent it denied the Sackman cross motion for leave to reargue, should be dismissed as unappealable, without costs.

MURPHY, P. J. (concurring). The plaintiffs attempted to intervene in the foreclosure action brought by Sackman in Suffolk County. Judge LAZER found that they did not have standing to intervene. Hence, Judge LAZER inferentially found that the plaintiffs were not third-party beneficiaries of the "non-disturbance" agreement nor otherwise entitled to challenge the foreclosure action. As a result of that prior adverse determination on the issue of standing, the plaintiffs cannot be permitted to maintain this action as against Sackman. Even if plaintiffs presently had standing to sue, the judgment of foreclosure entered in Sackman's favor and the lawful measures taken by Sackman in procuring that judgment could not be collaterally challenged in this proceeding.

In any event, the record indicates that the judgment in the foreclosure action was lawfully entered in accordance with and in enforcement of the following agreements between Sackman and the Parr interests, viz.: (1) the letter agreement, dated August 25, 1976, (2) the "non-disturbance" agreement, dated August 25, 1976, and (3) the stipulation, dated October

20, 1976. The plaintiffs, in their corporate capacities, neither allege nor demonstrate any wrongdoing upon the part of Sackman in enforcing those three agreements in the foreclosure proceeding.

In the context of this action for declaratory judgment, this court should also explore the plaintiffs' rights, if any, as contingent subrogees. If the plaintiffs are eventually forced to pay the construction lenders upon their bond, they will then become subrogated to the lenders' rights to bring suit. (See, generally, 31 NY Jur, Insurance, § 1620.) The Court of Appeals has already sustained the viability of a contingent third-party claim based on subrogation (*Krause v American Guar. & Liab. Ins. Co.,* 22 NY2d 147; see, also, *Consolidated Edison Co. of N. Y. v Royal Ind. Co.,* 41 AD2d 37). Analogously, the plaintiffs should now be permitted to maintain this action for declaratory judgment as contingent subrogees.

The narrow issue presented is whether there is any merit to the plaintiffs' claim based upon contingent subrogation. As contingent subrogees, the plaintiffs may, for example, have a cause of action against Parr Meadows Racing Association, Inc. (a nonparty herein) for defaulting upon the building loan mortgage note. However, the plaintiffs do not show that the lenders, the contingent subrogors, have any direct claim for relief against Sackman. The plaintiffs, having the same rights as their subrogors, would thus have no cause of actions against Sackman. (57 NY Jur, Subrogation, § 26.)

Since there is no justiciable controversy on any level between the plaintiffs and Sackman, the complaint as against Sackman should be dismissed.

LANE, MARKEWICH and LYNCH, JJ., concur with KUPFERMAN, J.; MURPHY, P. J., concurs in a separate opinion in which KUPFERMAN and MARKEWICH, JJ., also concur.

Order, Supreme Court, New York County, entered on February 14, 1978, reversed, on the law, appellant's motion granted, the complaint dismissed and the action severed as to defendant-appellant. Defendant-appellant shall recover of plaintiffs-respondents $75 costs and disbursements of the appeal.

The appeal from the order entered on March 31, 1978, to the extent it granted plaintiffs' motion to amend the original decision, is dismissed as moot and, to the extent it denied defendant-appellant's cross motion for leave to reargue, is

dismissed as nonappealable, without costs and without disbursements.